UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,

                          Plaintiffs,

-against-

GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,

                          Defendants.

---

No. 20 Civ. 1001 (RPK) (SMG)

**DECLARATION OF JESSICA RANUCCI IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Jessica Ranucci hereby declares, under penalty of perjury, pursuant 28 U.S.C. §1746, that:

1. I am an attorney at the New York Legal Assistance Group ("NYLAG"), which represents the Plaintiffs in this case. NYLAG is a nonprofit organization that provides free civil legal services to low-income New Yorkers in consumer protection and other fields.

2. I make this declaration in support of Plaintiffs' motion to certify a class of:

   All natural persons who have been or will be sued by Mullooly in New York City Civil Court cases in which an affidavit of service has been or will be filed, stating that Elashrafi or Bouton, on behalf of Gotham, effectuated service by delivering the papers to a person identified as a relative of the person to be served ("Class Members").

3. I am an attorney in NYLAG's Special Litigation Unit, which brings class actions and other impact litigation lawsuits to benefit low-income New Yorkers, including consumer class actions in federal court.

4. Additionally, as part of my role at NYLAG, I provide limited-scope representation to unrepresented consumer debt defendants in New York City Civil Court through the

1

Volunteer Lawyer for the Day Program ("VLFD"). VLFD, which NYLAG coordinates in three boroughs, is a program of the Civil Court of the City of New York that provides unbundled legal services to unrepresented consumer debtors. The volunteer attorney's representation of the consumer begins and ends on the day of the consumer's court appearance.

5. More than two-thirds of consumers represented by NYLAG through VLFD in 2019 earned less than 200% of the federal poverty guidelines.

6. The following declaration is based on my personal knowledge, my review of NYLAG and state court records, and my experience in New York City Civil Court, including through the VLFD program.

7. Class Members have been harmed, and risk future harm, from illegal collection actions by Defendants. Some Class Members have entered or will enter into settlement agreements related to these actions, and have paid or will pay money pursuant to those settlement agreements. Other Class Members have had or will have default judgments entered against them, and have paid or will pay money to satisfy those judgments. Additionally, Class Members have expended time, money, and energy to litigate these cases in the NYC Civil Courts.

*Sample of Affidavits of Service*

8. My colleagues at NYLAG and I searched the records from the New York State Court Unified Court System's Public Access Computer Terminals for cases in which Mullooly, Jeffrey, Rooney & Flynn, LLP ("Mullooly"), was listed as counsel of record. We also retrieved a few physical court files for such cases.

9. We reviewed affidavits of service in cases that were filed by Mullooly in New York City Civil Court in seven months of 2018 (January, February, March, April, October, November, and December).

10. We were not able to review all affidavits of service because not all affidavits of service were available on the Public Access Computer Terminals. Specifically, the boroughs of Brooklyn and Queens had virtually no affidavits of service available on the Public Access Computer Terminals, whereas Manhattan, the Bronx, and Staten Island had the vast majority of affidavits of service available.

11. We made a good faith effort to review all available affidavits of service from cases filed by Mullooly in New York City Civil Court in the particular time period that were available on the Public Access Computer Terminals. We did not selectively review affidavits of service based on any other criteria. Accordingly, we have a good faith basis to believe that the affidavits of service that we reviewed are a representative sample.

12. Based on this review, I concluded that Mullooly hires Gotham as the process serving agency for thousands of New York City Civil Court debt collection lawsuits per year and that Gotham, in turn, retains Elashrafi and Bouton as process servers for hundreds of these lawsuits.

13. We reviewed the available affidavits of service to determine which ones were signed by Elashrafi or Bouton on behalf of Gotham.

14. In total, we retrieved 299 affidavits of service that were signed by Elashrafi or Bouton, on behalf of Gotham, in cases filed by Mullooly in January, February, March, April, September, October, and December of 2018, in Bronx, New York, and Richmond Counties.

15. In 282 of the 299 affidavits of service we retrieved (94%), Elashrafi or Bouton claimed to have effectuated service by handing the summons and complaint to a person who identified himself or herself as a relative of the person served (the "Sampled Class Members"). Of the other seventeen affidavits of service completed by Elashrafi or Bouton, fifteen purported to effectuate personal service, one purported to make substitute service on a doorman, and one purported to make "nail and mail" service.

16. All of the affidavits of service filed in the cases against the Sampled Class Members use nearly identical language and follow the same format; the only differences among the affidavits are the identifying information for each case and the name and description of the relative purportedly served.

17. Attached as Exhibit F are the affidavits of service filed in the cases against Named Plaintiffs.

18. Attached as Exhibit G are affidavits of service filed in the cases against twenty randomly-selected Sampled Class Members.

19. Upon request, NYLAG can provide the Court with the full set of affidavits of service that we retrieved and reviewed.

20. The picture quality of some of these affidavits of service is poor because the only way to retrieve an affidavit of service from the Public Access Computer Terminal is to take a picture of the computer's screen.

21. Of the 282 affidavits of service filed in the cases against Sampled Class Members, 223 (79%) purported to effectuate service on a relative with the same last name; 45 (16%) purported to effectuate service on a relative listed as "John Doe" or "Jane Doe"; and 14 (5%) purported to effectuate service on a relative with a different last name.

22. Each affidavit of service is notarized at the bottom by either Linda or Robin Forman, on behalf of Gotham, on signature lines with their names pre-printed on them. This part of the affidavit of service is cut off in some of our records due to the way that the affidavits of service appear on the screens of the Public Access Computer Terminals.

23. Because our sample included 282 Sampled Class Members in cases filed over a period of seven months of 2018, I estimate that Mullooly files lawsuits against at least forty Class Members per month, or more than 480 per year. Accordingly, I estimate that the class has well over 1,000 members.

24. The files of the Sampled Class Members include 37 affidavits of service signed by Elashrafi, and 245 signed by Bouton. Because our sample includes files from seven months of 2018, I estimate that Elashrafi signs affidavits of service for more than 60 class members per year, and Bouton signs affidavits of service for more than 420 class members per year. Accordingly, I estimate that the Elashrafi Subclass has over 180 members, and the Bouton Subclass has over 1,000 members.

### *Review of Other State Court Records*

25. I reviewed records from the New York State Unified Court System's case information system for Civil Court cases ("eCourts") for each of the cases filed against the Sampled Class Members.

26. In my experience, any self-represented defendant who files an answer in New York City Civil Court will have an appearance date listed on eCourts, and any represented defendant will have an attorney listed on eCourts.

5

27. Of the 282 Sampled Class Members, 48 had an appearance date or an attorney listed on eCourts. Thus, I concluded that, at most, 48 (17%) of the Sampled Class Members answered or appeared in court.

28. My colleagues at NYLAG and I retrieved and reviewed default judgment applications filed by Mullooly against Jackie Burks and several Class Members. The default judgment application forms and attached affidavits of service, which are part of the default judgment application package, filed by Mullooly against Jackie Burks and seven randomly-selected Class Members are attached as Exhibit H.

29. We also retrieved and reviewed oppositions to motions to vacate or motions to dismiss based on lack of personal jurisdiction, filed by Mullooly against Jackie Burks and several Class Members. The oppositions filed against Jackie Burks and two other Class Members are attached as Exhibit I.

30. Mullooly's filing of oppositions without any specific facts, or any specific consideration of consumers' assertions that they were not served, that would evidence meaningful attorney review, prolongs the legal proceedings against consumers because the inevitable and foreseeable effect of filing these oppositions is that consumers must appear at one or more additional court dates for the motions.

## *About NYLAG*

31. NYLAG's Special Litigation Unit specializes in class actions to benefit low-income New Yorkers.

32. NYLAG has been appointed class counsel in connection with class actions affecting over one hundred thousand low-income consumers in the past three years alone.

33. NYLAG has spent significant time and resources investigating and litigating the claims of Named Plaintiffs, and the putative class members, including by interviewing Named Plaintiffs and class members; reviewing court documents and other court records and data; making and reviewing the results of a request under New York's Freedom of Information Law; conducting extensive legal research; conducting a detailed review of previous litigation against Defendants; and drafting the complaint.

*Exhibits*

34. Due to the ongoing COVID-19 public health crisis, NYLAG's office has been closed, and it has been difficult or impossible for most Named Plaintiffs to access a notary. Accordingly, Plaintiffs are submitting some of the attached affidavits without notarization. Once businesses re-open, Plaintiffs can re-file notarized copies of the affidavits, if requested by Defendants or the Court.

35. Attached as Exhibit A is a true and correct copy of the Affidavit of Jackie Burks, dated March 19, 2020.

36. Attached as Exhibit B is a true and correct copy of the Affidavit of Brunilda Pagan Cruz, dated March 27, 2020.

37. Attached as Exhibit C is a true and correct copy of an Affidavit of Translation by Janet Ceron, dated March 31, 2020, attesting to the translation of Ms. Cruz's affidavit.

38. Attached as Exhibit D is a true and correct copy of the Affidavit of Venus Pujols, dated March 18, 2020. Venus Cuadrado, one of the Named Plaintiffs, recently married and changed her name to Venus Pujols. For clarity, we continue to refer to her as "Venus Cuadrado."

39. Attached as Exhibit E is a true and correct copy of the Affidavit of Rhonda Drye, dated March 10, 2020.

40. Attached as Exhibit F is a true and correct copy of the Affidavits of Service filed against Named Plaintiffs.

41. Attached as Exhibit G are true and correct copies of twenty sample Affidavits of Service filed against Class Members.

42. Attached as Exhibit H are true and correct copies of the default judgment application filed against Jackie Burks, and seven sample default judgment applications filed against class members.

43. Attached as Exhibit I are true and correct copies of the opposition filed against Jackie Burks and two oppositions filed against class members.

Dated: April 1, 2020

_____
Jessica Ranucci

8