UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,<br><br>          Plaintiffs,<br><br>-against-<br><br>GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,<br><br>          Defendants. | No. 20 Civ. 1001 (RPK) (SMG) |

JACKIE BURKS hereby declares, under penalty of perjury, that:

  1.  I am a Named Plaintiff in this case.

  2.  I believe I would be a good representative for the class in this case. As far as I know, I do not have any interest that conflicts with the interest of anyone else in the class.

  3.  I live in Staten Island, New York and work full time as a lab aide at Northwell Health in Staten Island.

  4.  On or after March 5, 2019, I received a paper that said it was a "Notice of Garnishment and Income Execution" in the mail from New York City Marshal Ronald Moses.

  5.  The Notice said that I owed over $3,300, and that my wages were going to be garnished to satisfy a judgment in a case called *Unifund CCR, LLC v. Jackie Burks* ("*Unifund v. Burks*"), Index Number CV-5425-17/RI.

6. Until I received that Notice, I had never heard of *Unifund v. Burks*. I was never served with a summons and complaint in that action and never received any other notice about the action.

7. I had never gotten anything about it in the mail.

8. I was very upset to get court papers about something I know nothing about.

9. I was afraid that the garnishment would mean that I could not provide for my family.

10. After I received the March 5, 2019 Notice of Garnishment and Income Execution in the mail, I went to the Richmond Civil Court to ask about the garnishment notice and a court clerk told me that Unifund could garnish my wages unless I challenged the judgment.

11. I called my brother, and he helped me figure out how to file court papers to challenge the judgment.

12. On March 11, 2019, I filed a *pro se* Motion to Vacate the *Unifund v. Burks* judgment in Richmond Civil Court, along with an affidavit stating that I had not been served and had not known about the summons and complaint, and that I believed I was a victim of identity theft because I had no business relationship with Unifund.

13. On March 27, 2019, the first court date for my motion, I was represented by an attorney from the Consumer Protection Unit of the New York Legal Assistance Group ("NYLAG").

14. The person who represented me told me she was helping me in a limited capacity through the New York City Civil Court's Volunteer Lawyer for a Day ("VLFD") program.

2

15. A lawyer for Mullooly filed and served me with an Opposition to my Motion. Attached to his Opposition to my Motion was an affidavit swearing that Mr. Elashrafi had served me with the Complaint.

16. I saw that the papers said that the Complaint had been served on someone named "Christina Burks."

17. I do not have any relatives named "Christina Burks," and I do not know anyone named "Christina Burks."

18. The day I went to Court, the judge ordered a hearing about whether I had been served with the summons and complaint.

19. I had to go back to court for that hearing on June 19, 2019. I was represented by an attorney from NYLAG's Consumer Protection Unit for that court date and she represented me for the rest of the case.

20. During the hearing on June 19, 2019, I testified under oath that I was not served with the summons and complaint, and that I did not know anyone named "Christina Burks."

21. I testified that at the time the papers were supposedly served, I would have been home with my sleeping children, and I would have known if anyone had rung the buzzer of my apartment, because my children would have woken up.

22. I had started a new job just before receiving the income execution notice, so I had to make special arrangements to take time off from work during my probationary period to attend my first court date.

23. On July 15, 2019, I went to the third court date for *Unifund v. Burks*.

24. On September 18, 2019, I went to the fourth court date for *Unifund v. Burks*, which was a continuation of the evidentiary hearing.

3

25. On November 15, 2019, the judge issued an order vacating the judgment and dismissing the case against me. She found that "[Unifund] had failed to withstand the challenges to Mr. Elashrafi's credibility presented by [me] and, accordingly, the Court finds that [Unifund] failed to meet its burden of proving that service was properly effected upon [me]."

26. I had to go to Richmond Civil Court five times to resolve the case against me, each time driving approximately thirty minutes each way. It was very hard for me to go to court again and again.

27. Each time I missed work to go to court, I had to make up the hours by working over the weekend, and had to rely on family members to watch my children so I could do so.

28. During one court appearance, because I had no other available childcare, I had to leave the courthouse in the middle of the day to pick one of my children up from school, and then bring her back to the courtroom with me.

29. I had to spend money to deal with this case, including for photocopying, printing, postage, and gas.

30. The stress caused by the garnishment and lawsuit made my chronic health condition worse and disreputed my eating and sleeping habits.

_____
Jackie Burks

3/19/20
_____
Date

4