UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,

                    Plaintiffs,

-against-

GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,

                    Defendants.

---

No. 20 Civ. 1001 (RPK) (SMG)

JANET CERON hereby declares, under penalty of perjury, that:

1. I am a paralegal at the New York Legal Assistance Group.

2. I am fluent in both Spanish and English.

3. I am competent to translate from English to Spanish and from Spanish to English. I regularly translate between Spanish and English, both speaking and writing, as part of my work at the New York Legal Assistance Group.

4. My colleagues at NYLAG and I wrote the English version of the affidavit of Ms. Brunilda Pagan Cruz based on conversations with Ms. Cruz.

5. I did the Spanish translation and reviewed it with Ms. Cruz.

6. The originals of both documents are attached hereto.

_____
JANET CERON

3/31/2020
Date

1

Signed before me (via video conference, as authorized by Executive Order 202.7 signed by Governor Andrew Cuomo March 19, 2020)

this 31 day of March 2020

*[signature]*

Jane Greengold Stevens
Notary Public, State of New York
No. 02ST6013172
Qualified in Kings County
Commission Expires Sep 08 20 22

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,

                    Plaintiffs,

-against-

GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,

                    Defendants.

No. 20 Civ. 1001 (RPK) (SMG)

BRUNILDA PAGAN CRUZ hereby declares, under penalty of perjury, that:

1. I am a Named Plaintiff in this case.

2. I believe I would be a good representative for the class in this case. As far as I know, I do not have any interest that conflicts with the interest of anyone else in the class.

3. I am sixty years old and live in the Bronx, New York.

4. I primarily speak Spanish and am often uncomfortable if I have to communicate in English. I speak to my lawyers with the help of a translator.

5. On about March 1, 2019, a neighbor who lives upstairs from me told me that she had received a letter in the mail for me. She gave it to me.

6. The "letter" was a summons and complaint in a case called *Unifund CCR LLC v. Brunilda Pagan Cruz* ("*Unifund v. Cruz*"), Index Number CV-1146-19/BX, in New York City Civil Court, Bronx County ("Bronx Civil Court").

1

7. Before I got those papers, I had never heard of this case. I was never given a copy of those papers by anyone else.

8. I was frightened by the papers because I had never heard of Unifund, and did not believe I owed them any money, and I could not afford to pay the debt they thought I owed.

9. I understand that a paper filed with the court says that the court papers were supposedly given to someone named "Daniel Cruz" at my address.

10. I do not have any relatives named "Daniel Cruz," and I do not know anyone named "Daniel Cruz."

11. No one matching the description of "Daniel Cruz" lived at my home at the time of alleged service.

12. I never received a copy of the summons and complaint in the mail.

13. On March 7, 2019, after receiving the mailing from my neighbor, I went to the Bronx Civil Court to try to figure out what to do.

14. I got help preparing an answer for myself, from the Civil Legal Advice and Resource Office ("CLARO"), which I discovered gives free help preparing court papers for people who do not have lawyers, who are called "*pro se*."

15. On March 8, 2019, I returned to the Bronx Civil Court and filed my *pro se* answer to the complaint.

16. In my answer, I said that I had gotten the Summons and Complaint, but that I was not correctly served. I also said that I did not owe any debt to Unifund.

17. I was supposed to go to court on April 2, 2019, but I was sick and was not able to go.

2

18. When I was better, I returned to the Bronx Civil Court Clerk's Office to explain why I had missed the April 2, 2019 court date and to ask for a new date. The Clerk's Office gave me a new date on June 7, 2019.

19. On June 7, 2019, I was represented by someone from the Consumer Protection Unit of the New York Legal Assistance Group ("NYLAG"). The lawyer told me she could only help me in a limited capacity through a special program, Volunteer Lawyers for the Day ("VLFD"). The case was adjourned for a third court date.

20. On October 8, 2019, I went to the third court date for *Unifund v. Cruz*, and I was again represented by an attorney from NYLAG's Consumer Protection Unit in a limited capacity through VLFD.

21. On that date, the case was dismissed. I have been told that Mullooly agreed to discontinue *Unifund v. Cruz* on that date because the case was set for trial, but Unifund did not appear with a witness to prove its case.

22. I was very upset and frightened about being sued.

23. I had to go to Bronx Civil Court four times to resolve the case against me. To do that, I had to reschedule several physical therapy appointments.

24. Because of my health problems, I was unable to use public transportation to travel to the courthouse. Instead, I had to spend more than $120 to travel by cab (approximately $30 round trip each time), so that I would not have to walk and I could sit with my leg propped up on the rear seat.

25. I had to spend other money too, because of the case, including postage.

26. I was very anxious and felt like I was suffocating every time I had to go to the Bronx Civil Court.

3

27. Because I am not comfortable communicating in English, I worried that I would not understand what was happening during the court dates. I was so upset that I slept very little during this period, I lost a lot of my appetite, I had trouble doing everyday activities like cooking, and I had many more and worse migraine headaches, for which I had to seek and receive medical treatment.

_____
BRUNILDA PAGAN CRUZ

_____
Date

Sworn to before me this ____ day of

_____, 2020

_____
NOTARY PUBLIC

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,

                          Plaintiffs,

-against-

GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,

                          Defendants.

No. 20 Civ. 1001 (RPK) (SMG)

BRUNILDA PAGAN CRUZ declara, bajo pena de perjurio, que:

    1.    Soy una Demandante Nombrado en este caso.

    2.    Yo creo que sería un buen representante para la clase en este caso. Hasta donde yo sé, no tengo ningún interés que entre en conflicto con el interés de nadie en la clase.

    3.    Tengo sesenta años y vivo en el Bronx, Nueva York.

    4.    Hablo principalmente en Español y a menudo me siento incómoda si tengo que comunicarme en Inglés. Hablo con mis abogados con la ayuda de un traductor.

    5.    Aproximadamente el 1 de Marzo de 2019, una vecina que vive arriba de mí me dijo que había recibido una carta en el correo para mí. Ella me lo dio.

    6.    La "carta" fue una citación y queja en un caso llamado Unifund CCR LLC v. Brunilda Pagan Cruz ("Unifund v. Cruz"), número de índice CV-1146-19/BX, en el Tribunal Civil de la Ciudad de Nueva York, Condado del Bronx ("Corte Civil del Bronx").

1

7. Antes de recibir esos papeles, nunca había oído hablar de este caso. Nadie más me dio una copia de esos papeles.

8. Me asustaron los papeles porque nunca había oído hablar de Unifund, y no creía que les debía dinero, y no podía pagar la deuda que pensaban que debía.

9. Entiendo que un documento presentado ante la corte dice que los documentos de la corte supuestamente fueron entregados a alguien llamado "Daniel Cruz" en mi dirección.

10. No tengo parientes llamados "Daniel Cruz," y no conozco a nadie llamado "Daniel Cruz".

11. Nadie que coincida con la descripción de "Daniel Cruz" vivía en mi casa en ese tiempo del supuesto servicio.

12. Nunca recibí una copia de la citación y queja por correo.

13. El 7 de Marzo de 2019, después de recibir el correo de mi vecino, fui a la Corte Civil del Bronx para tratar de averiguar qué hacer.

14. Recibí ayuda para preparar una respuesta para mí, de la Oficina Civil de Asesoramiento y Recursos Legales ("CLARO"), que descubrí da ayuda gratuita a preparar documentos judiciales para personas que no tienen abogados, que se llama "pro se."

15. El 8 de Marzo de 2019, regresé al Corte Civil del Bronx y presenté mi respuesta pro se a la queja.

16. En mi respuesta, dije que había recibido la citación y queja, pero que no me sirvieron correctamente. También dije que no tenía deudas con Unifund.

17. Estaba supuesta ir a la corte el 2 de April de 2019, pero estaba enferma y no podía ir.

2

18. Cuando estaba mejor, regresé a la Oficina del Secretario de la Corte Civil del Bronx para explicar por qué me había perdido la cita de la corte del 2 de Abril de 2019 y para pedir una nueva fecha. La Oficina del Secretario me dio una nueva fecha el 7 de Junio de 2019.

19. El 7 de Junio de 2019, estuve representada por alguien de la Unidad de Protección al Consumidor del Grupo de Asistencia Legal de Nueva York ("NYLAG"). El abogado me dijo que sólo podía ayudarme en una capacidad limitada a través de un programa especial, Abogados Voluntarios para el Día ("VLFD"). El caso fue aplazado para una tercera cita judicial.

20. El 8 de Octubre de 2019, fui a la tercera cita de la corte para Unifund v. Cruz, y nuevamente fui representado por un abogado de la Unidad de Protección al Consumidor de NYLAG en una capacidad limitada a través de VLFD.

21. En esa fecha, el caso fue desestimado. Me han dicho que Mullooly accedió a suspender Unifund v. Cruz en esa fecha porque el caso fue fijado para juicio, pero Unifund no apareció con un testigo para probar su caso.

22. Estaba muy molesta y asustada por ser demandada.

23. Tuve que ir a la Corte Civil del Bronx cuatro veces para resolver el caso en mi contra. Para hacer eso, tuve que reprogramar varias citas de fisioterapia.

24. Debido a mis problemas de salud, no pude usar el transporte público para viajar a la corte. En su lugar, tuve que gastar más de $120 para viajar en taxi (aproximadamente $30 ida y vuelta cada vez), para que no tuviera que caminar y pudiera sentarme con mi pierna apoyado en el asiento trasero.

25. Tuve que gastar otro dinero también, debido al caso, incluyendo gastos de envío.

26. Estaba muy ansiosa y me sentía como si estuviera asfixiando cada vez que tenía que ir a la Corte Civil del Bronx.

3

27. Debido a que no me siento cómoda comunicándome en Inglés, me preocupaba no entender lo que estaba sucediendo durante las citas de la corte. Estaba tan molesta que dormí muy poco durante este período, perdí mucho de mi apetito, tuve problemas para hacer actividades cotidianas como cocinar, y tuve muchos más y peores dolores de cabeza por migraña, por los que tuve que buscar y recibir tratamiento médico.

_____

BRUNILDA PAGAN CRUZ

_____

Fecha

Jurado ante mí este ____

_____, 2020

_____

EL NOTARIO

4