UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,

                Plaintiffs,

-against-

GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,

                Defendants.

No. 20 Civ. 1001 (RPK) (SMG)

Rhonda Drye hereby declares, under penalty of perjury, that:

1. I am a Named Plaintiff in this case.

2. I believe I would be a good representative for the class in this case. As far as I know, I do not have any interest that conflicts with the interest of anyone else in the class.

3. I am sixty-one years old and live in the Bronx, New York.

4. I work as a cook at a local college.

5. On or after April 28, 2017, my nephew told me that Kenneth Banks, a neighbor who lives in a different apartment in my building, had papers for me.

6. I picked up the papers from Mr. Banks. The papers were a summons and complaint in a case called *Unifund CCR LLC v. Rhonda Drye* ("*Unifund v. Drye*"), Index Number CV-4975-17/BX, in Bronx Civil Court.

1

Scanned with CamScanner

7. Mr. Banks told me that on April 28, 2017, he saw a man come to our apartment building and repeatedly ring the buzzer to gain entrance to the building, apparently not realizing that the door was in fact unlocked.

8. Mr. Banks told me that he watched as the man got frustrated that he could not get into the building, then the man threw the papers on the floor in front of the intercom and left.

9. Mr. Banks told me that he then picked up the papers, realized they were for me, and told my nephew that he had papers for me to pick up.

10. Before I got the papers from Mr. Banks, I had never heard of *Unifund v. Drye*.

11. I was never served with a summons and complaint in that action. I never received them in the mail. I had no other notice of the action.

12. On May 16, 2017, I filed a *pro se* answer to the *Unifund v. Drye* complaint in the Bronx Civil Court. In my answer, I said that I "received the Summons and Complaint, but service was not correct as required by law." My answer also stated "I DONT KNOW WHAT CREDIT CARD THIS IS."

13. On my first court date, June 6, 2017, I was represented by a lawyer from the Consumer Protection Unit of the New York Legal Assistance Group ("NYLAG") in a limited capacity through the Volunteer Lawyer for the Day program ("VLFD").

14. I told the Mullooly firm, and the Court, that I had not been properly served. After we held a discussion with the Judge on the record, Mullooly agreed that the Court could hold an evidentiary hearing regarding service.

15. On July 14, 2017, at that evidentiary hearing, I appeared by myself, with no one to represent me. But Mr. Banks came with me.

Scanned with CamScanner

16. At the hearing, Mr. Banks testified that he saw someone try to gain access to the building by repeatedly ringing the buzzer, and that the person got frustrated when he thought he could not gain access.

17. Mr. Banks also testified that he saw the man throw the papers on the floor by the building's intercom, and that Mr. Banks later picked the papers up from the floor.

18. At the hearing, Mr. Bouton testified that he made service on me by delivering the papers to "Richard Drye" at my apartment.

19. I have no relatives named "Richard Drye." I do not know anyone named "Richard Drye." The only person who lived with me at my apartment at the time of the supposed service was my adult child, who does not match the person described in the affidavit of service and did not ever receive the court papers.

20. At the hearing, I testified to all those facts.

21. I was very stressed and worried about this case that had been filed against me, and I experienced financial harm.

22. I was especially upset by Mr. Bouton's testimony, because I knew it was not true.

23. I had to go to Bronx Civil Court three times to resolve the case against me. I had to miss a full day of work, without pay, for each court date I attended.

24. I also had to spend money because of the case, including photocopying, postage, and transportation.

_____
Rhonda Drye
3-10-2020
Date

Scanned with CamScanner