Date of Service: September 4, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JACKIE BURKS; BRUNILDA PAGAN CRAUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,

Civil Action No.

1:20-cv-01001(RPK)(SMG)

Plaintiffs,

**Oral Argument Requested**

-against-

GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,

Defendants.
-------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP'S MOTION TO DISMISS THE AMENDED COMPLAINT

ABRAMS GARFINKEL MARGOLIS BERGSON, LLP
1430 Broadway, 17th Floor
New York, New York 10018
(212) 201-1170
*Attorneys for Defendant Mullooly,*
*Jeffery, Rooney & Flynn, LLP*

**Table of Contents**

Table of Authorities ................................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 4

Plaintiff Burks ........................................................................................................................... 4

Plaintiff Cruz ............................................................................................................................. 5

Plaintiff Cuadrado ..................................................................................................................... 6

Plaintiff Drye ............................................................................................................................. 7

LEGAL ARGUMENT ............................................................................................................... 9

I.      STANDARD OF REVIEW ............................................................................................. 9

II.     THE COMPLAINT FAILS TO STATE AN FDCPA CLAIM ......................................... 9

        A.      The Complaint Fails to Allege a Materially Misleading Statement ......................... 10

        B.      The Complaint Fails to Allege that MJRF Made Materially Misleading
                Statements to Plaintiffs ........................................................................................... 18

        C.      The Complaint Fails to Allege a Violation of Section 1692f .................................. 20

III.    THE COURT SHOULD DISMISS THE STATE LAW CLAIMS ................................. 24

CONCLUSION ......................................................................................................................... 25

## Table of Authorities

**Cases**                                                                       **Page(s)**

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*,
   875 F.3d 128 (2d Cir. 2017)....................................................................*passim*

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................9

*Bryan v. Credit Control, LLC*,
   954 F.3d 576 (2d Cir. 2020)..............................................................10, 11

*Caba v. Rai*,
   63 A.D.3d 578 (1st Dep't 2009) .........................................................23

*Ceban v. Capital Mgmt. Servs., L.P.*,
   17-CV-4554, 2018 U.S. Dist. LEXIS 7389 (E.D.N.Y. Jan. 17, 2018) ...................21, 22

*Cohen v. v. Rosicki, Rosicki & Assocs., P.C.*,
   897 F.3d 75 (2d Cir. 2018)...................................................................10

*De La Cruz v. Fin. Recovery Servs.*,
   17-CV-9931, 2019 U.S. Dist. LEXIS 55898 (S.D.N.Y. Mar. 28, 2019) ......................21

*Foti v. NCO Fin. Sys., Inc.*,
   424 F. Supp. 2d 643 (S.D.N.Y. 2006)..........................................................22

*Frintzilas v. DirecTV, LLC*,
   731 Fed. Appx. 71 (2d Cir 2018) ..............................................................25

*Gabriele v. Am. Home Mortg. Servicing*,
   503 Fed. Appx. 89 (2d Cir. 2012).....................................................*passim*

*Greco v. Trauner, Cohen & Thomas, L.L.P.*,
   412 F.3d 360 (2d Cir. 2005)...................................................................9

*Grigoriou v. First Resolution Inv. Corp.*,
   13-CV-6009, 2014 U.S. Dist. LEXIS 41288 (W.D.N.Y. Mar. 26, 2014) ..............15, 20

*Guerrero v. RJM Acquisitions LLC*,
   499 F.3d 926 (9th Cir. 2007) ..................................................................18

*Hasbrouck v. Arrow Fin. Svs. LLC*,
   09-CV-748, 2011 U.S. Dist. LEXIS 53928 (N.D.N.Y. May 19, 2011)........................15

*In re Merrill Lynch Ltd. P'ships Litig.*,
   154 F.3d 56 (2d Cir. 1998)...................................................................................24

*Johnson-Gellineau v. Steine & Assoc., P.C.*,
   No. 16-CV-9945, 2019 U.S. Dist. LEXIS 108025 (S.D.N.Y. June 27, 2019) .............20

*Kelsey v. Forster & Garbus, LLP*,
   353 F. Supp.3d 223 (W.D.N.Y. 2019) ................................................................. *passim*

*Kolbasyuk v. Cap. Mgmt. Svs., LP*,
   918 F.3d 236 (2d Cir. 2019)....................................................................................9

*Kropelnicki v. Siegel*,
   290 F.3d 118 (2d Cir. 2002)...................................................................................18

*Lautman v. 2800 Coyle St. Owners Corp.*,
   14-CV-1868, 2014 U.S. Dist. LEXIS 137454 (E.D.N.Y. Sept. 26, 2014) ........... *passim*

*Lorenz v. GE Capital Retail Bank*,
   944 F. Supp. 2d 220 (E.D.N.Y. 2013) ....................................................................20

*Okyere v. Palisades Collection, LLC*,
   961 F. Supp. 2d 508 (S.D.N.Y. 2013)................................................................18, 19

*O'Rourke v. Palisades Acquisition XVI, LLC*,
   635 F.3d 938 (7th Cir. 2012) ............................................................................18, 19

*Rimberg v. Discover Bank*,
   17-CV-10209, 2019 U.S. Dist. LEXIS 49220 (S.D.N.Y. Mar. 25, 2019) ....................24

*Rosenberg v. Client Servs.*,
   19-CV-6181, 2020 U.S. Dist. LEXIS 91432 (S.D.N.Y. May 26, 2020) ......................21

*Sadallah v. City of Utica*,
   383 F.3d 34 (2d Cir. 2004).....................................................................................24

*Schaefer v. IC Sys.*,
   17-CV-1920, 2020 U.S. Dist. LEXIS 39540 (E.D.N.Y. Mar. 6, 2020)..................21, 22

*Simmons v. Roundup Funding, LLC*,
   622 F.3d 93 (2d Cir. 2010).....................................................................................15

*Smulley v. Fed. Hous. Fin. Agency*,
   754 Fed. Appx. 18 (2d Cir. 2018)............................................................................24

*United Mine Workers of Am. v. Gibbs,*
  383 U.S. 715 (1966)..................................................................................................24

*Volden v. Innovative Fin. Sys., Inc.,*
  440 F.3d 947 (8th Cir. 2006) .................................................................................18

*Walsh v. Law Offices of Howard Lee Schiff, P.C.,*
  11-CV-1111, 2012 U.S. Dist. LEXIS 136408 (D. Conn. 2012)............................16, 20

Defendant Mullooly, Jeffery, Rooney & Flynn, LLP ("MJRF"), respectfully submits this memorandum of law in support of its motion for an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the Amended Complaint (the "Complaint") of plaintiffs Jackie Burks ("Burks"), Brunilda Pagan Cruz ("Cruz"), Venus Cuadrado ("Cuadrado") and Rhonda Drye ("Drye") (collectively, "Plaintiffs"), in its entirety and with prejudice, as against MJRF.[1]

## PRELIMINARY STATEMENT

This is a putative class action for alleged violations of the FDCPA based on hyperbole-driven allegations of a so-called "coordinated unlawful scheme" whereby defendants allegedly "extract[ed] money" from putative debtors in order to "enrich themselves" by allegedly engaging in litigation misconduct to obtain default judgments.  Leading with the hot-button catch-phrase "sewer service," the Complaint alleges that, in connection with prosecuting debt collection actions against Plaintiffs (the "Lawsuits"), MJRF, the law firm in this purported elaborate scheme, filed in state court "falsified" affidavits of service.  In this connection, MJRF allegedly knew or should have known that a process service company it retained (Gotham) to serve complaints on Plaintiffs, utilized certain process servers (Elashrafi and Bouton), who falsely stated in affidavits of service that complaints had been served on purported "relatives" of Plaintiffs who do not exist.  Plaintiffs allege that MJRF filed and relied upon the allegedly false affidavits of service to obtain and collect upon default judgments.  Notably, Plaintiffs do ***not*** allege that Gotham is the ***only*** process service company that MJRF uses, or that Elashrafi and Bouton were the ***only*** individuals serving process for cases handled by MJRF, which is a gaping hole in the fanciful theory that defendants conspired to carry out a purported "unlawful scheme."

---

[1] The Complaint is annexed as Ex. A to the accompanying Declaration of Robert J. Bergson, dated September 4, 2020.  Herein, "Gotham" shall refer to defendant Gotham Process, Inc.; "Elashrafi" shall refer to defendant Bassem Elashrafi; "Bouton" shall refer to defendant Carl Bouton; and "Section ___" shall refer to the pertinent sections of the Federal Debt Collections Practices Act (the "FDCPA").

Based on these alleged facts, the Complaint alleges that MJRF violated Section 1692e, which prohibits a debt collector from "us[ing] any false, deceptive or misleading representation or means in connection with the collection of any debt," and Section 1692f, which prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt."   As demonstrated herein, the Complaint fails to state an FDCPA claim.

First, the Complaint fails to establish that MJRF's alleged statements are ***materially*** misleading, as is required to state an FDCPA claim.  In the Second Circuit, a statement is materially misleading if it misleads the consumer as to the nature and legal status of the debt and/or affects the consumer's ability to intelligently choose his or her response to debt collection activity.  Here, the least sophisticated consumer would not be misled into believing that he or she had been served as the result of a summons and complaint being handed to a "relative" who does not exist.   Indeed, Plaintiffs assert that the statements regarding service are false, and successfully challenged the Lawsuits and obtained redress from the state court system.  Thus, Plaintiffs admittedly were not misled or confused by MJRF's statements and debt collection activity.  Under these circumstances, MJRF's statements that service was effectuated through "non-existent relatives" are not materially misleading because they do not concern the nature and legal status of the putative debts and do not affect the least sophisticated consumer's ability to respond to the alleged debt collection activities.

Second, the Complaint fails to establish that MJRF made any materially misleading statements ***to Plaintiffs***, as is also required to state an FDCPA claim.  Rather, Plaintiffs' claim is that MJRF presented affidavits of service and other documents containing and/or relying on the allegedly misleading statements regarding service via non-existent relatives ***to state courts***.  The alleged misconduct – filing in state court documents containing false statements – is directed at,

and allegedly meant to mislead, state court judges to believe that service has been effectuated, in order to persuade judges to grant default judgments, upon which MJRF collects.  This is not conduct that the FDCPA is designed to address.

For these reasons, MJRF's purported litigation misconduct of prosecuting debt collection actions based on representations that service had been effectuated through relatives who, in fact, do not exist, in order to obtain and collect upon default judgments, fails to plausibly allege a violation of the FDCPA – specifically, Section 1692e's prohibition of using "false, deceptive or misleading representations or means" to collect a debt.

In addition, the Complaint fails to allege that MJRF violated Section 1692f because the alleged violations of Section 1692f are based upon the same alleged misconduct that allegedly violates Section 1692e.  Thus, the Section 1692f claim fails for the same reasons that the Section 1692e claim fails.  Indeed, where, as here, a plaintiff fails to identify conduct allegedly giving rise to a Section 1692f claim beyond that which allegedly gives rise to a Section 1692e claim, the Section 1692f claim fails as a matter of law.

For all of these reasons, which are discussed in greater detail below, the Court should dismiss the FDCPA claim, in its entirety and with prejudice, as against MJRF.

Upon dismissal of the FDCPA claim, which is the only basis for federal jurisdiction, the Court should decline to exercise its supplemental jurisdiction and dismiss the state law claims for violation of N.Y.G.B.L. § 349 ("GBL 349"), and the three common law negligence claims, all of which are, in any event, duplicative of the FDCPA claim because they are predicated on the theory that MJRF violated a duty to not use materially misleading statements and/or means in connection with collecting debts.  Thus, even if the Court exercises its supplemental jurisdiction, the state law claims fail as a matter of law for the same reasons that the FDCPA claim fails.

For all of these reasons, which are discussed in greater detail below, the Court should grant MJRF's motion to dismiss the Complaint, in its entirety and with prejudice.

## STATEMENT OF FACTS

The following recitation of facts are assumed to be true for purposes of this motion only.

### Plaintiff Burks

In November, 2017, MJRF, on behalf of Unifund CCR, LLC ("Unifund"), an alleged "debt buyer," filed a debt collection action against Burks in the Richmond County Civil Court to collect an unpaid debt arising from a credit card account that Burks allegedly owed to Unifund. (Ex. A at ¶164).  Elashrafi, an alleged employee of Gotham (*id*. at ¶24), who MJRF allegedly hires to serve process in connection with its litigation practice (*id*. at ¶2), purportedly executed an affidavit of service stating that, on December 11, 2017, he served Burks with process by visiting Burks' residence and handing a copy of the summons and complaint to "Christina Burks," who "identified herself as [a] relative of [Burks]."  (*Id*. at ¶166).   The affidavit of service provides a physical description of Christina Burks (*id*.), and states that a copy of the summons and complaint was mailed to Burks (*id*. at ¶172).

Plaintiffs allege that the affidavit of service is "false" because (1) Christina Burks does not exist, (2) Burks does not have a relative or know anyone named Christina Burks, (3) no one matching the affidavit of service's physical description of Christina Burks lived at Burks' home at the time of the alleged service and (4) Burks was home at the time of the alleged service and thus would have known if anyone tried to visit.  (*Id*. at  ¶¶167-71).  In addition, the Complaint alleges, upon information and belief, that the affidavit of service's statement that the summons and complaint was mailed to Burks is false because Burks did not receive it.  (*Id*. at ¶173-74).

On December 18, 2017, Gotham, on behalf of MJRF, filed the affidavit of service in the Richmond County Civil Court. (*Id*. at ¶175). On April 30, 2018, MJRF filed a motion, supported by the affidavit of service, for a default judgment against Burks, stating that Burks had "failed to appear, answer or move, and the time to do so has expired." (*Id*. at ¶¶176-77). The Richmond County Civil Court granted the default judgment. (*Id*. at ¶179).

In March, 2019, Burks allegedly received a notice of garnishment and income execution. (*Id*. at ¶¶181). Shortly thereafter, Burks filed a motion to vacate the default judgment on the grounds that she had never been served, that she believed she had been a victim of identity theft and that she had no relationship with Unifund. (*Id*. at ¶182). After initially filing the motion to vacate *pro se*, thereafter Burks was represented by the New York Legal Assistance Group ("NYLAG"). (*Id*. at ¶183). MJRF, on behalf of Unifund, opposed the motion to vacate the default judgment. (*Id*. at ¶184). The Richmond County Civil Court ordered an evidentiary hearing, at which Burks testified that she had never been served with process and did not know anyone named Christina Burks; and Elashrafi testified that the statements in the affidavit of service are accurate. (*Id*. at ¶¶185-89). Burks prevailed on her motion to vacate the default judgment because the Court determined that Unifund was unable to "meet its burden of proof that service was properly effected." (*Id*. at ¶200).

### Plaintiff Cruz

In January, 2019, MJRF, on behalf of Unifund, filed a debt collection action against Cruz in Bronx County Civil Court to collect an unpaid debt arising from a credit card account that Cruz allegedly owed to Unifund. (*Id*. at ¶208). Elashrafi allegedly executed an affidavit of service stating that, on February 13, 2019, he served Cruz with process by visiting Cruz's residence and handing a copy of the summons and complaint to "Daniel Cruz," who "identified

himself as [a] relative of [Cruz]."  (*Id*. at ¶210).  The affidavit of service provides a physical description of Daniel Cruz (*id*.), and states that a copy of the summons and complaint was mailed to Cruz (*id*. at ¶215).

Plaintiffs allege that the affidavit of service is "false" because (1) Daniel Cruz does not exist, (2) Cruz does not have a relative or know anyone named Daniel Cruz and (3) no one matching the affidavit of service's physical description of Daniel Cruz lived at Cruz's home at the time of the alleged service.  (*Id*. at  ¶¶211-14).  In addition, the Complaint alleges, upon information and belief, that the affidavit of service's statement that the summons and complaint was mailed to Cruz is false because Cruz did not receive it.  (*Id*. at ¶¶216-17).

On February 21, 2019, Gotham, on behalf of MJRF, filed the affidavit of service in the Bronx County Civil Court.  (*Id*. at ¶218).  On or about March 1, 2019, Cruz's neighbor gave Cruz the summons and complaint.  (*Id*. at ¶206).  On March 8, 2019, with assistance from the Civil Legal Advice and Resource Office, Cruz filed an answer.  (*Id*. at ¶219-20).  Thereafter, Cruz was represented by NYLAG, including at the court appearance where MJRF "agreed to discontinue" the action against Cruz.  (*Id*. at ¶¶224-25).

## **Plaintiff Cuadrado**

Cuadrado alleges that in August, 2019, MJRF, on behalf of Unifund, filed a debt collection action against Cuadrado in Bronx County Civil Court (the "Cuadrado Action"), to collect an unpaid debt arising from a credit card account that Cuadrado allegedly owed to Unifund.  (*Id*. at ¶235).  Bouton, an alleged employee of Gotham (*id*. at ¶27), allegedly executed an affidavit of service stating that, on August 10, 2019, he served Cuadrado with process by visiting Cuadrado's residence and handing a copy of the summons and complaint to "Anthony Cuadrado," who "identified himself as [a] relative of [Cuadrado]."  (*Id*. at ¶237).

6

Plaintiffs allege that the affidavit of service is "false" because (1) Anthony Cuadrado does not exist, (2) Cuadrado does not have a relative or know anyone named Anthony Cuadrado (3) Cuadrado does not live at the service address, which is Cuadrado's mother's residence and (4) no one named Anthony Cuadrado lives at the service address. (*Id*. at ¶¶238-42).

Gotham, on behalf of MJRF, filed the affidavit of service in the Bronx County Civil Court. (*Id*. at ¶245). In August, 2019, Cuadrado's mother told Cuadrado that she had received the summons and complaint in the mail. (*Id*. at ¶232). Cuadrado timely filed an answer. (*Id*. at ¶246). Thereafter, with the assistance of NYLAG, Cuadrado moved to dismiss the complaint for lack of personal jurisdiction. (*Id*. at ¶248). The next day, MJRF "sent [ ] Cuadrado a letter stating that it had reviewed her motion to dismiss, and agreed to discontinue" the action. (*Id*. at ¶249). The parties thereafter filed a stipulation of discontinuance. (*Id*. at ¶250).

### Plaintiff Drye

Drye alleges that, on April 18, 2017, MJRF, on behalf of Unifund, filed a debt collection action against Drye in Bronx County Civil Court to collect a debt that Drye allegedly owed to Unifund. (*Id*. at ¶259). Bouton allegedly executed an affidavit of service stating that, on April 28, 2017, he served Drye with process by visiting Drye's residence and handing a copy of the summons and complaint to "Richard Drye," who "identified himself as [a] relative of [Drye]." (*Id*. at ¶261). The affidavit of service provides a physical description of Richard Drye (*id*.), and states that a copy of the summons and complaint was mailed to Drye (*id*. at ¶267).

Plaintiffs allege that the affidavit of service is "false" because (1) Richard Drye does not exist, (2) Drye does not have a relative or know anyone named Richard Drye and (3) no one matching the affidavit of service's physical description of Richard Drye lived at Drye's home at the time of the alleged service. (*Id*. at ¶¶262-66). In addition, the Complaint alleges, upon

information and belief, that the affidavit of service's statement that the summons and complaint was mailed to Drye is false because Drye did not receive it.  (*Id*. at ¶¶268-69).

On May 2, 2017, Gotham, on behalf of MJRF, filed the affidavit of service in the Bronx County Civil Court.  (*Id*. at ¶270).  On or after April 28, 2017, Drye's neighbor gave Drye the summons and complaint.  (*Id*. at ¶256).  Thereafter, Drye filed an answer.  (*Id*. at ¶271).  The Bronx County Civil Court held a hearing on the issue of whether Drye had been properly served.  (*Id*. at ¶272).  Drye, her neighbor and Bouton testified at the hearing.  (*Id*. at ¶¶274-76).  At the conclusion of the hearing, the Bronx County Civil Court found that Drye had not been properly served and issued an order of dismissal.  (*Id*. at ¶277).

The Complaint alleges, in conclusory fashion, that Plaintiffs' cases exemplify MJRF's practice of "fil[ing] default judgment applications [which] include[ ] the affidavit[s] of service," and state that "the Class Member failed to appear, answer or move, and the time to do so has expired."  (*Id*. at ¶¶107-09; *id*. at ¶117 (alleging MJRF "typically files opposition papers [ ], signed by an attorney under penalty of perjury, that contain false statements regarding service"); *id*. at ¶112 (alleging "[i]n many of the Lawsuits . . . [MJRF] successfully obtains default judgments on the basis of these default judgment applications")).  According to Plaintiffs, MJRF somehow "knows or should know" that Elashrafi and Bouton are "falsifying affidavits of service."  (*Id*. at ¶52).

Based on the foregoing, the Complaint alleges that MJRF violated FDCPA Sections 1692e and 1692f  (First Cause of Action), and four duplicative claims under New York state law: (1) violation of GBL 349, (Second Cause of Action), (2) negligence *per se* (Fourth Cause of Action), (3) negligent hiring, retention, training and supervision (Fifth Cause of Action) and (4)

negligence (Sixth Cause of Action).   As demonstrated below, as against MJRF, all of these claims are without merit and should be dismissed in their entirety and with prejudice.

## ARGUMENT

### I.   STANDARD OF REVIEW

To survive a motion to dismiss, plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do[, n]or does the complaint suffice if it renders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.   A complaint that "fail[s] to nudge [ ] claims across the line from conceivable to plausible" cannot survive a motion to dismiss.   *Twombly*, 550 U.S. at 570.   Under these standards, the Complaint fails to state a claim upon which relief can be granted.

### II.   THE COMPLAINT FAILS TO STATE AN FDCPA CLAIM

Courts in the Second Circuit evaluate FDCPA claims "according to how the 'least sophisticated consumer' would understand the communication." *See Gabriele v. Am. Home Mortg. Servicing*, 503 Fed. Appx. 89, 94 (2d Cir. 2012).   The "least sophisticated consumer standard is an objective analysis that seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection [communications]." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (internal citations omitted); *see also Kolbasyuk v. Cap. Mgmt. Svs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) ("While the least sophisticated consumer may lack the

9

astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, he can nonetheless be presumed to possess a rudimentary amount of information about the world and a willingness to read [ ] with some care.") (internal citations omitted). Accordingly, "courts should apply the standard in a manner that protects debt collectors against liability for unreasonable interpretations." *See Gabrielle*, 503 Fed. Appx. at 94.

Here, the Complaint alleges that MJRF violated Sections 1692e and Section 1692f by filing documents in court falsely representing that service had been effectuated, and obtaining and collecting upon default judgments that were issued based upon the allegedly false representations regarding service. (Ex. A at ¶299). The Complaint fails to state an FDCPA claim because the Complaint fails to allege (1) that MJRF made a materially misleading statement; (2) that MJRF made a materially misleading statement to Plaintiffs and (3) conduct allegedly giving rise to a violation of Section 1692f beyond that which allegedly gives rise to a violation of Section 1692e, which renders the Section 1692f claim defective as a matter of law.

**A.  <u>The Complaint Fails to Allege a Materially Misleading Statement</u>**

"[S]tatements must be materially false or misleading to be actionable under the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018); *see also Gabrielle*, 503 Fed. Appx. at 94 ("read[ing] a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt").

"[A] statement is material if it is capable of influencing the decision of the least sophisticated consumer." *Cohen*, 897 F.3d at 85 (internal citations omitted). "The materiality requirement is thus a corollary to the well-established proposition that if a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense." *Id.*; *see also Bryan v. Credit Control, LLC*, 954 F.3d 576, 582 (2d Cir. 2020)

10

("a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer.") (internal citations omitted); *Gabrielle*, 503 Fed. Appx. at 94 (actionable communications and debt collection practices must "mislead a putative-debtor as to the nature and legal status of the underlying debt, or [ ] impede a consumer's ability to respond to or dispute collection").

Here, the Complaint alleges that MJRF prosecuted claims, and obtained and collected upon default judgments, based on documents filed in state court by MJRF stating that Plaintiffs had been served with a summons and complaint through relatives who, in fact, do not exist. However, these statements are not actionable under the FDCPA because they are not materially misleading as a matter of law.  Plaintiffs admittedly (1) knew they had not been served (*see* Ex. A at ¶¶163, 174, 178, 207, 217, 234, 258, 269), (2) knew the purported "relatives" identified in the affidavits "do[ ] not exist" (*id*. at ¶¶166-70, 210-14, 237-42, 261-66), and (3) successfully challenged the Lawsuits (*id*. at ¶¶115-16, 200, 225, 249-50, 277).  Thus, the challenged statements, which do not remotely concern the nature and legal status of Plaintiffs' putative debts, would not affect the least sophisticated consumer's ability to choose his or her response to MJRF's debt collection activity or impair the least sophisticated consumer's ability to challenge the debt.  Accordingly, the Complaint fails to state an FDCPA claim.

In *Gabrielle*, the defendant-attorneys allegedly filed "several" documents in a state court action, including affirmations and affidavits, allegedly misrepresenting that the defendants had served the plaintiff with motion papers and that the plaintiff was in default, which resulted in a default judgment.  *See* 503 Fed. Appx. at 92.  Based on these facts, the plaintiff alleged that the defendant-attorneys violated Sections 1692e and 1692f.  *See id*. at 93-94.  The Second Circuit affirmed dismissal of the Section 1692e and 1692f claims because the alleged misrepresentations

were not material: "even if false, [the allegedly misleading statements] would not mislead the least sophisticated consumer . . . into believing that he had already received an exhibit he had not received [or] that he had not filed counterclaims that he had filed three months before." *See id*. at 95. Because the alleged statements "were not misleading or deceptive as to the nature or legal status of [the] debt, [and] would [not] have prevented the least sophisticated consumer from responding to or disputing the action," the Court held that the plaintiff failed to state a plausible claim under the FDCPA. *Id*. *Gabrielle* applies here because MJRF's allegedly false statements made in affidavits and other court filings that summons and complaints had been handed to relatives of Plaintiffs who do not exist, would not mislead the least sophisticated consumer into believing that an actual relative had been handed a summons and complaint.

Similarly, in *Lautman v. 2800 Coyle St. Owners Corp*., 14-CV-1868, 2014 U.S. Dist. LEXIS 137454 (E.D.N.Y. Sept. 26, 2014), the plaintiff alleged violations of Sections 1692e and 1692f based on claims that the attorney-defendants obtained a default judgment by falsely stating in a petition filed in state court that, *inter alia*, they had "served a [predicate] prior rent demand on plaintiff by 'personal delivery.'" *See* 2014 U.S. Dist. LEXIS 137454, at *31. Noting that "[n]umerous courts in this circuit have held that plaintiffs failed to state plausible claims under § 1692e where, as here, the alleged misrepresentations were not misleading or deceptive as to the nature or legal status of [the] debt, nor would they have prevented the least sophisticated consumer from responding to or disputing the action," the Court held that, while the attorney-defendants may have "misled the state court" in obtaining the default judgment, "[n]owhere does [the] complaint allege that the[y] [ ] misled plaintiff regarding the nature or status of his debt or his ability to challenge the debt." *Id*. at *34-35. Thus, the Court granted the defendants' motion to dismiss because the plaintiff failed to allege that the statement was materially misleading.

The *Lautman* Court recognized an important policy factor that further compels granting MJRF's motion to dismiss.  The FDCPA claim in *Lautman*, and Plaintiffs' FDCPA claim here, hinge on the same alleged litigation misconduct of misrepresenting to a court that service had been effectuated in order to obtain and collect upon a default judgment; these circumstances do not implicate the purpose of the FDCPA, and thus should not trigger FDCPA liability:

> the FDCPA's central purpose of protecting unsophisticated consumers from unscrupulous debt collectors is not implicated in state court proceedings, where litigants enjoy myriad procedural and substantive protections from fraudulent and deceptive practices . . . the claims that plaintiff asserts against the [attorney-defendants] relate to allegedly improper litigation tactics, which are monitored by the state court, the presiding judge, and the attorney disciplinary system.

*Id*. at *36-37.  It follows that "[i]mposing FDCPA liability is not necessary to serve the statute's purpose of protecting consumers, since plaintiff could have, and did, seek redress through the court system" (*see id*.), which is ***exactly*** what is alleged to have happened here.  This reasoning is particularly compelling here because, in addition to the protections against litigation misconduct that the New York state court system affords to all litigants, the system affords even greater protections to litigants in the debt collection context to ensure that putative debtors obtain notice of collection lawsuits.  (*See* Ex. A at ¶37 (describing rules applicable to all consumer debt cases filed in New York City civil courts requiring debt collectors to provide an additional copy of the summons and complaint, which is then mailed to the consumer by the clerk of the court); *id*. at ¶¶42-46 (describing provisions of the N.Y.C. Administrative Code imposing strict requirements upon process servers, including requirements to maintain logbooks recording instances of service and attempted service, and GPS records documenting service locations)).

More recently, in *Kelsey v. Forster & Garbus, LLP*, 353 F. Supp.3d 223 (W.D.N.Y. 2019), the plaintiff claimed, in a state court debt collection action, that the defendant-attorney falsely stated in an affirmation that the plaintiff had failed to file an answer and had not

13

appeared; as a result, the defendant obtained a default judgment despite that the plaintiff had, in fact, answered and appeared. *See id*. at 225. Like in *Gabrielle* and *Lautman*, the plaintiff failed to allege "a material misrepresentation" because, even "assuming this hypothetical consumer would find Defendant's representation that no answer had been filed to be false or misleading, Plaintiff has failed to allege or otherwise contend that any such falsity could mislead the least sophisticated consumer as to the nature and legal status of the underlying debt, or could impede [the] consumer's ability to respond to or dispute collection." *Id*. at 233. The Court "reject[ed] the notion that this hypothetical consumer, naïve as he or she may be, would somehow be misled into believing that he or she did not respond to the summons and complaint after having just filed and mailed an answer weeks earlier" (*id*.) – just like the least sophisticated consumer would not be misled into believing that a non-existent relative was served with a summons and complaint. In addition, like Plaintiffs here, the plaintiff in *Kelsey* "*did* challenge the default judgment entered against him, and successfully had it vacated" (*id*. at 233-34 (emphasis in original)), which necessarily means that the plaintiff in *Kelsey*, like Plaintiffs here, was not misled.

*Kelsey* expanded upon *Lautman*'s reasoning, determining that "purported noncompliance with state court procedures" (*id*. at 231) does not state an FDCPA claim:

> Plaintiff's claim for FDCPA relief is premised upon the notion that Defendant's improper advocacy persuaded the state court that he had failed to appear or answer in that action and resulted in a default judgment being rendered against him. Although FDCPA defendants may not avoid liability by couching false or misleading statements made in furtherance of a legal action as mere legal advocacy, where a plaintiff could have, and did, seek redress through the [state] court system, the exigency to effectuate the FDCPA's purpose of protecting unsophisticated consumers is not nearly so substantial. . . . since the misrepresentations at issue concerned assertions made during pretrial proceedings in an adversarial system, and because Defendant's attorney affirmation was not materially misleading or deceptive as to the nature or legal status of Plaintiff's debt, nor would it have prevented the least sophisticated consumer from responding to or disputing the action, Plaintiff's 1692e claim is dismissed.

*Id*. at 234 (internal citations omitted).  The reasoning of the *Lautman* and *Kelsey* decisions is practically sound because the New York state courts and bar are capable of regulating lawyers and the adequacy of state court filings without intervention from the FDCPA,[2] and consistent with federalism principles promoting the balance between the federal and state court systems – a balance that would be disrupted by federalizing state court debt collection cases and transforming any allegedly misleading statement made to a court into a federal damages claim.

In sum, the aforementioned decisions, based on analogous facts, compel dismissal of Plaintiffs' FDCPA claims because, as aptly stated in *Kelsey*, Plaintiffs' theory of recovery that MJRF's "improper advocacy persuaded the state court that he had failed to appear or answer in that action and resulted in a default judgment being rendered against [Plaintiffs]" (*see* 353 F. Supp.3d at 234), does not allege a materially misleading statement under the FDCPA.[3]

In addition, the allegation that MJRF used the misrepresentation that service was effectuated in order to "unduly prolong[ ] legal proceedings and require[e] [Plaintiffs] to appear at unnecessary court dates" (Ex. A at ¶299), fails to state an FDCPA claim.  In *Gabrielle*, the Second Circuit rejected this argument, holding that having to "expend unnecessary resources" in litigation does not state an FDCPA claim, under Section 1692e or Section 1692f, because "the FDCPA does not guarantee consumers an efficient or thrifty resolution of their putative debt."

---

[2] *See also Gabrielle*, 503 Fed. Appx. at 96 n.1 (stating that "the protective purposes of the FDCPA are not implicated 'when a debtor is instead protected by the court system and its officers'") (*quoting Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010)).

[3] *See also Grigoriou v. First Resolution Inv. Corp.*, 13-CV-6009, 2014 U.S. Dist. LEXIS 41288, at *20-21 (W.D.N.Y. Mar. 26, 2014) (granting motion for judgment on the pleadings because alleged misrepresentation that the parties had discontinued the action "had no material effect on Plaintiff's rights under the FDCPA [and did not] falsely represent the character, amount, or legal status of any debt"); *Hasbrouck v. Arrow Fin. Svs. LLC*, 09-CV-748, 2011 U.S. Dist. LEXIS 53928, at *16-18 (N.D.N.Y. May 19, 2011) (dismissing Section 1692e and Section 1692f claims based on attorney affidavits falsely stating that the plaintiff did not answer the complaint because "[e]ven assuming plaintiff could establish that the affidavit contained statements that were false and/or deceptive, plaintiff has not proven that the statements are material to the issues at hand [or] that plaintiff was confused or that she did not understand any aspect of [the] affidavit or the underlying City Court action [and] Plaintiff does not claim that any confusion contributed to her failure to challenge the debt or her decision to pay the debt").

*See* 503 Fed. Appx. at 95; *see also Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 11-CV-1111, 2012 U.S. Dist. LEXIS 136408, at *18-19 (D. Conn. 2012) ("[T]hat Walsh was compelled to retain counsel to defend against the debt does not transform defendants' procedural misconduct into material misrepresentations within the ambit of [the FDCPA because] [e]ven if Walsh was forced to incur unnecessary attorneys' fees and other costs to respond to defendants' frivolous motions or meritless objections, state court procedures provide the appropriate recourse for such bad faith conduct: sanctions in the form of attorneys' fees").

Plaintiffs presumably will rely upon *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128 (2d Cir. 2017).  However, *Arias* is distinguishable.  *Arias* involved an alleged garnishment of Social Security retirement income ("SSRI"), which triggered the interplay between the FDCPA and the New York Exempt Income Protection Act ("NYEIPA"), a comprehensive state statute relating to garnishing consumer bank accounts.  *Id.* at 131.  *Arias* arose out of a landlord-tenant proceeding in which the landlord claimed that Arias failed to pay rent, and when Arias failed to file an answer, the firm Gutman, Mintz, Baker & Sonnenfeldt LLP ("GMBS"), on behalf of the landlord, obtained a default judgment and restrained Arias' bank account.  *Id.* at 133.  At Arias' request, Arias' bank sent to GMBS bank statements showing only deposits of SSRI, and Arias separately notified GMBS that, as such, all funds were exempt from garnishment under the NYEIPA.  *Id.*  GMBS replied that if Arias did not make a payment, Arias' only recourse would be to seek relief from the court.  *Id.*

Arias then mailed to GMBS a completed NYEIPA exemption claim form stating, again, that all funds in his account were SSRI, and re-sent GMBS the bank statements demonstrating same.  *Id.*  GMBS nonetheless filed an objection to Arias' exemption claim, asking the court to find that the funds were not exempt or, in the alternative, to hold a hearing; in its application,

GMBS filed an affirmation stating that Arias co-mingled personal funds with exempt funds, which "transforms the opening balance into non-exempt monies," and that Arias had not provided the proper documentation to support his exemption claim because Arias "failed to provide any bank records starting from a zero balance." *Id*. At the hearing, the GMBS attorney reviewed the bank statements that Arias had previously twice provided, and promptly withdrew the objection and agreed to release the funds in Arias' account. *Id*. at 133-34.

Arias stated an FDCPA claim because by falsely stating that the commingling of exempt and non-exempt funds renders the balance non-exempt, and that the consumer must disprove commingling by producing bank statements starting from a zero balance – statements contrary to the NYEIPA – Arias plausibly alleged that GMBS' representations "had the capacity to discourage debtors from fully availing themselves of their legal rights." *Id*. at 136.

*Arias* is distinguishable because, unlike here, where the representations concern the procedural issue of whether service was effectuated, the misrepresentations in *Arias* concerned the **_merits_** of the debt collector's claims; namely, "the applicable burden of proof and the substantive law regarding commingling of funds under the [NYEIPA], issues that can reasonably be expected to affect how or even whether a consumer responded to a debt collector's objection to a claim that the restrained funds are exempt from garnishment." *Id*. at 137-38. Thus, unlike MJRF's alleged representation concerning a procedural issue, in *Arias* the representations directly concerned the nature and legal status of the putative debt, which made them material. In those circumstances, involving the NYEIPA and "the law governing garnishment of bank accounts," state court procedures are not sufficient to protect consumers. *Id*.

Here, in contrast, as discussed above, the state court system, particularly with respect to debt collection cases, sufficiently protects consumer-litigants from representations, like those

17

allegedly made by MJRF, regarding service of process procedures. *See Kelsey*, 353 F. Supp.3d at 232-33 (distinguishing *Arias* because "[r]epresentations like those asserted in the *Arias* context are much more likely to 'take advantage of a debtor's naivete or lack of legal acumen' than assertions pertaining to run-of-the-mill state court procedures used to effectuate service . . . [and] it would be logical to presume that state courts are particularly adept at determining whether a defendant has properly appeared pursuant to state court rules of procedure").

For these reasons, the Complaint fails to allege a materially misleading statement.

### B. The Complaint Fails to Allege that MJRF Made Materially Misleading Statements to Plaintiffs

To state an FDCPA claim, Plaintiffs "must first show that the [misleading statement] was a communication to [Plaintiffs]." *See Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (holding that communication was not "misleading as to [plaintiff] because it was not addressed to her"); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 520 (S.D.N.Y. 2013) ("For a misrepresentation to be actionable under the FDCPA, the false statement must be made to the debtor directly."); *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 939 (7th Cir. 2012) (FDCPA "regulates communications directed at the consumer; [ ] it does not extend to communications that are allegedly meant to mislead the judge in a state court action.").[4]

Here, the Complaint fails to allege that MJRF made materially misleading statements *to Plaintiffs*.  Rather, the Complaint alleges that MJRF made misleading statements *to state courts*. The alleged misconduct – prosecuting claims based on documents filed in state court containing false statements – is directed at, and meant to mislead, judges to believe that service has been effectuated, in order to persuade judges to grant default judgments, upon which MJRF collects.

---

[4] *See also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) ("communications directed solely to a debtor's attorney are not actionable"); *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 954-55 (8th Cir. 2006) (misrepresentations not "to the plaintiff . . . do not fall within the [FDCPA's] general application").

The purpose of the FDCPA – to protect consumers – is not furthered by extending its reach to cover statements, as alleged here, made to third parties not affiliated with consumers, or to circumstances, as alleged here, that do not present materially misleading statements or conduct.

In *Okyere*, the defendants commenced a debt collection action in state court and obtained a default judgment against the plaintiff based on allegedly "false affidavit of service" stating that the plaintiff had been served. *Id*. at 510. Thereafter, the defendants restrained the plaintiff's bank account based on the default judgment, to which the plaintiff responded by moving to vacate the default judgment on the grounds that he was not served. *Id*. The state court vacated the default judgment and ordered that the restrained money be returned to the plaintiff, but the defendants nonetheless continued to restrain more of the plaintiff's money. *Id*. at 510-11.

On these facts, which are egregious and far beyond anything alleged in the Complaint here, the Court granted the defendants' motion for judgment on the pleadings for failure to allege that a misleading statement was made to the plaintiff. The defendants' alleged reliance on an allegedly false affidavit of service to obtain a default judgment, and alleged instructions to the marshal to continue to restrain the plaintiff's money despite a court order to the contrary, did not state an FDCPA claim because the plaintiff failed to "point[ ] to any misrepresentations to [Okyere]." *Id*. at 520. Any "misrepresentations to others [ ] must also be rejected [because] to be actionable under the FDCPA, the false statement must be made to the debtor directly." *Id*. *See also O'Rourke*, 635 F.3d at 944 (falsified document attached to complaint did not violate Section 1692e because the FDCPA "does not extend to communications that would confuse or mislead a state court judge"); *Lautman*, 2014 U.S. Dist. LEXIS 137454, at *31, 34-35 (petition filed in state court stating that defendants "had served a prior rent demand on plaintiff by 'personal delivery,'" which resulted in a default judgment, did not give rise to claims under

19

Sections 1692e and 1692f because the alleged conduct "misled the state court"); *Lorenz v. GE Capital Retail Bank*, 944 F. Supp. 2d 220 (E.D.N.Y. 2013) (granting motion to dismiss Section 1692e claim based on allegedly false statements made by defendant in connection with garnishing Social Security Benefits because covering "a communication that creates a false impression to a third party that is not the debtor [ ] would stretch the statute well beyond its meaning"); *Johnson-Gellineau v. Steine & Assoc., P.C.*, No. 16-CV-9945, 2019 U.S. Dist. LEXIS 108025, at *31-37 (S.D.N.Y. June 27, 2019) (granting motion to dismiss Section 1692e claim because statements made in documents filed with the court "to further the foreclosure action" were third-party communications); *Grigoriou*, 2014 U.S. Dist. LEXIS 41288, at *21 (statement to the court that the parties had agreed to discontinue not actionable because, "[i]n addition to the fact that [the defendant's] alleged misstatement did not pertain to the subject debt, the statement, which Plaintiff knew was false and which did not affect his defense [ ] was made to a third party, the City Court Judge, and not to Plaintiff"); *Walsh*, 2012 U.S. Dist. LEXIS 136408, at *16 (granting motion to dismiss Section 1692e claim because communications "were directed at the court, rather than Walsh herself, and concerned procedural deficiencies during the course of litigation that bore no relation to the underlying debt").

For these reasons, the Complaint fails to allege that MJRF made a materially misleading statement to Plaintiffs.

**C.   The Complaint Fails to Allege a Violation of Section 1692f**

Section 1692f, which prohibits "unfair or unconscionable means to collect or attempt to collect any debt," was "enacted specifically to catch conduct not otherwise covered by the FDCPA." *See Lautman*, 2014 U.S. Dist. LEXIS 137454, at *37.   Thus, where, as here, a complaint alleges that the same conduct gives rise to violations of Sections 1692e and 1692f, the

plaintiff "must do 'more than to recite the conduct that he alleged violated Section 1692e and replace the word 'misleading' with the phrase 'unfair and unconscionable.'" *See Schaefer v. IC Sys.*, 17-CV-1920, 2020 U.S. Dist. LEXIS 39540, at *6 (E.D.N.Y. Mar. 6, 2020) (*quoting Ceban v. Capital Mgmt. Servs., L.P.*, 17-CV-4554, 2018 U.S. Dist. LEXIS 7389, at *23 (E.D.N.Y. Jan. 17, 2018) (accepting a Section 1692f claim based on the same conduct as a Section 1692e claim "would render the words 'unfair' and 'unconscionable' meaningless")).

The First Cause of Action alleges that the same conduct gives rise to violations of Section 1692e and Section 1692f. (Ex. A at ¶299). Therefore, the Section 1692f claim fails for the same reasons that the Section 1692e claim fails. *See Rosenberg v. Client Servs.*, 19-CV-6181, 2020 U.S. Dist. LEXIS 91432, at *13 (S.D.N.Y. May 26, 2020) ("Because the Section 1692f claim is based on the same alleged misconduct on which the Section 1692e claim is based . . . such misconduct is not 'unfair' or 'unconscionable' within the meaning of Section 1692f for the same reasons [that the Section 1692e claim fails]"); *De La Cruz v. Fin. Recovery Servs.*, 17-CV-9931, 2019 U.S. Dist. LEXIS 55898, at *21 (S.D.N.Y. Mar. 28, 2019) (granting motion to dismiss Section 1692f claim because "if the Defendant's [communication] is not 'misleading' within the meaning of Section 1692e, it is not 'unfair' or 'unconscionable' within the meaning of Section 1692f."); *Lautman*, 2014 U.S. Dist. LEXIS 137454, at *37-38 (dismissing 1692f claim "rely[ing] on the same alleged litigation misconduct raised under § 1692e").

Furthermore, the grounds of the FDCPA claim – that MJRF engaged in litigation misconduct by prosecuting debt collection claims based on the representation that service had been effectuated via relatives who, in fact, do not exist, in order to obtain and collect upon default judgments – is specifically covered by Section 1692e, which prohibits debt collectors from "us[ing] false, deceptive or misleading representations or means in connection with the

21

collection of any debt."   The Complaint does not identify which subsections of Section 1692f

that MJRF allegedly violated, nor does it identify conduct not otherwise covered by the FDCPA,

thus requiring coverage by the catch-all Section 1692f.   Thus, as a matter of law, the Complaint

fails to state an FDCPA claim based on an alleged violation of Section 1692f.   *See Schaefer*,

2020 U.S. Dist. LEXIS 39540, at *6 (granting motion to dismiss Section 1692f claim because the

plaintiff "fails to identify any misconduct in connection with her § 1692f claims beyond what she

alleged in relation to her § 1692e claims"); *Ceban*, 2018 U.S. Dist. LEXIS 7389 at *22-23

(same); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (same).

The Court should reject Plaintiffs' anticipated reliance on *Arias* for the argument that the

same conduct may violate both Section 1692e and Section 1692f.   In *Arias*, the defendant

"GMBS [wa]s alleged to have violated each section based on different conduct:   section 1692e

based on the false statements made in GMBS' affirmation, and section 1692f based on GMBS'

objection to Arias' exemption claim when it allegedly knew that there was no legally sufficient

basis to do so."   *See* 875 F.3d at 136.   Arias alleged that GMBS (1) sought to restrain and garnish

Arias' bank account despite being provided with "documentary proof that all of the funds

restrained [ ] were exempt SSRI;" (2) "filed an objection in State court despite having no good-

faith basis for objecting;"[5] and (3) released Arias' money "at the State court hearing only after

one of its lawyers reviewed documents that had previously been produced and sent with Arias'

exemption claim form."   *Id.* at 138.   The Court held that "[t]ogether these allegations are enough

to support Arias' claim that GMBS' conduct was 'shockingly unjust or unfair' in violation of

section 1692f, insofar as it required Arias to prepare needlessly for a hearing GMBS knew was

---

[5] The NYEIPA required GMBS to "'release the [debtor's] account' when it receives documents showing that all of the funds in an account are exempt, and may file an objection only if it has a 'factual basis' to form a 'reasonable belief' that the account contains non-exempt funds."   *Id.* at 139.   Because Arias alleged that he provided the exemption form and repeatedly provided bank statements showing only deposits from SSRI, the Court found that GMBS had "no good faith basis" to press forward with its objection.   *Id.*

frivolous and that was intended primarily to harass Arias, frustrate his exemption claim, and erect procedural and substantive challenges that Arias, pro se, was ill-equipped to handle." *Id*.

　　None of these facts line up with the facts alleged in the Complaint.  Unlike GMBS, who litigated a frivolous claim and repeatedly sought to garnish Arias' account despite possessing documents demonstrating that Arias' money was exempt from garnishment, here, MJRF discontinued claims against Cruz and Cuadrado at an early procedural stage when presented with evidence showing that service may not have been effectuated.  Unlike GMBS, who forced Arias to attend a hearing before agreeing to release Arias' money based on the same documents that Arias had previously provided to GMBS, here, MJRF is not alleged to have proceeded to hearings in the actions against Burke and Drye despite possessing documentary evidence, akin to bank statements and statutory claim forms, demonstrating that the claims MJRF was prosecuting were frivolous.  Rather, MJRF allegedly relied upon sworn affidavits of service executed by licensed process servers, which, as a matter of law, establish a ***presumption*** that service was effectuated.  *See Caba v. Rai*, 63 A.D.3d 578, 582 (1st Dep't 2009) ("[A]ffidavit[s] of service [are] prima facie evidence that defendant was properly served.").  Having received affidavits of service informing MJRF that service had been effectuated, in good faith MJRF prosecuted the claims.  That MJRF prosecuted claims based, in part, on the presumed accuracy of the affidavits of service, and that the Lawsuits were dismissed voluntarily (Cruz and Cuadrado) or as the result of judicial determinations that Burke and Drye overcame *prima facie* evidence of service, is insufficient to establish a plausible claim that MJRF's alleged conduct was "shockingly unjust and unfair," in violation of Section 1692f.  Indeed, it is telling that the Complaint is devoid of any allegation that the state court judges who heard Plaintiffs' cases sanctioned or otherwise admonished MJRF for allegedly misrepresenting that Plaintiffs had been served.

For these reasons, the Complaint fails to allege a violation of Section 1692f.

### III.   THE COURT SHOULD DISMISS THE STATE LAW CLAIMS

"It is well settled that district courts can, and indeed should, decline to exercise supplemental jurisdiction when the federal claims are eliminated in the early stages of the litigation." *Smulley v. Fed. Hous. Fin. Agency*, 754 Fed. Appx. 18, 24 (2d Cir. 2018) (internal citations omitted); *see also In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) ("when the federal claims are dismissed the state claims should be dismissed as well") (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)).

Upon dismissal of the FDCPA claim, which is the only basis for federal jurisdiction, the Court should decline to exercise its supplemental jurisdiction and dismiss the state law claims for violation of GBL 349 and negligence.  *See Smulley*, 754 Fed. Appx. at 24 (affirming District Court's decision to not exercise supplemental jurisdiction over state law claims); *Sadallah v. City of Utica*, 383 F.3d 34, 40 (2d Cir. 2004) ("[B]ecause  plaintiffs no longer have any viable federal claim, any remaining state law claims belong in state, rather than federal, court."); *Lautman*, 2014 U.S. Dist. LEXIS 137454, at *40 (upon dismissal of FDCPA claims, declining to exercise supplemental jurisdiction and dismissing state law claims for, *inter alia*, violation of GBL 349); *Rimberg v. Discover Bank*, 17-CV-10209, 2019 U.S. Dist. LEXIS 49220, at *16-17 (S.D.N.Y. Mar. 25, 2019) (upon dismissal of FDCPA claims, declining to exercise supplemental jurisdiction and dismissing state law claims).

Even if the Court exercises supplemental jurisdiction, it still should dismiss the GBL 349 claim because, like the FDCPA, GBL 349 requires Plaintiffs to allege that MJRF engaged in conduct directed at Plaintiffs that is "materially misleading."  *See Frintzilas v. DirecTV, LLC*, 731 Fed. Appx. 71, 72 (2d Cir. 2018) (affirming dismissal of GBL 349 claim).  Accordingly, for

the same reasons stated above demonstrating that the FDCPA claim should be dismissed for failure to allege materially misleading conduct directed at Plaintiffs, the GBL 349 claim should be dismissed as well.

The Court should dismiss the three negligence claims because they, too, are predicated on the theory that state common law imposes upon MJRF the same duty that the FDCPA imposes upon MJRF to not use materially misleading representations or means to collect a debt, and that the same alleged conduct that allegedly violates the FDCPA violates MJRF's common law duties to Plaintiffs.   Thus, the negligence claims fail for the same reasons that the FDCPA claim fails.

For these reasons, the Court should dismiss the state law claims.

## CONCLUSION

For the foregoing reasons, the Court should grant MJRF's motion to dismiss the Complaint in its entirety and with prejudice, with such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　September 4, 2020

ABRAMS GARFINKEL
MARGOLIS BERGSON, LLP

By: __/s/ Robert J. Bergson_____
　　　Robert J. Bergson
　　　Andrew W. Gefell
1430 Broadway, 17th Floor
New York, New York 10018
Telephone: (212) 201-1170
rbergson@agmblaw.com
agefell@agmblaw.com
*Attorneys for Defendant*
*Mullooly, Jeffery, Rooney & Flynn, LLP*