UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JACKIE BURKS; BRUNILDA PAGAN CRUZ;       :    **Case No. 20-cv-1001 (RPK) (SMG)**
VENUS CUADRADO; and RHONDA DRYE,         :
individually and on behalf of all persons similarly :
situated,                                :
                                         :
                    Plaintiffs,          :
                                         :
        -against-                        :
                                         :
GOTHAM PROCESS, INC.; MULLOOLY,          :
JEFFERY, ROONEY & FLYNN, LLP;            :
BASSEM ELASHRAFI; and CARL BOUTON,       :
                                         :
                    Defendants.          :
-----------------------------------------------------------------X

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

**BABCHIK & YOUNG, LLP**
*Attorneys for the Process Server Defendants*
245 Main Street, Suite 330
White Plains, New York 10601
914-470-0001

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    Point I
    The Process Server Defendants Have Not Claimed ThatThey
    Are "Free to Lie" In Affidavits of Service ................................................................................ 2

    Point II
    The Amended Complaint Does Not Present a FDCPA Claim
    Since the Disputed Affidavits Neither Routinely Come to
    Plaintiffs' Attention Nor Do They Affect Plaintiffs' Defense ..................................................... 5

CONCLUSION................................................................................................................................ 7

## **Table of Authorities**

**Cases**

*Arias v. Gutman, Mintz, Baker, & Sonnenfeldt, LLP*, et al
  875 F.3d 128 (2d Cir. 2017) ................................................................................ 3, 5, 6

*Cohen v. Rosicki, Rosicki & Associates, P.C.*
  897 F. 3d 75 (2d Cir. 2018) ....................................................................................... 2, 3

*Easterling v. Collecto, Inc.*
  692 F. 3d 229 (2d Cir. 2012) ......................................................................................... 3

*Feinstein v. Bergner*
  397 N.E. 2d 1161 (N.Y. 1979) ...................................................................................... 4

*Jensen v. Pressler & Pressler*
  791 F. 3d 413 (3d Cir. 2015) ......................................................................................... 2

*Michelo v. Nat'l Collegiate Student Loan 2007-2*
  419 F. Supp. 3d 668 (S.D.N.Y. 2019) ...................................................................... 4, 5

*Plummer v. All Credit & Fin, Inc.*
  66 F. Supp. 3d 484 (S.D.N.Y. 2014) ............................................................................. 7

**Other Authorities**

Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ............................................... passim

## PRELIMINARY STATEMENT

This Reply memorandum of law is submitted in further support of the motion made by defendants GOTHAM PROCESS, INC., BASSEM ELASHRAFI; and CARL BOUTON (collectively, the "Process Server Defendants"), seeking an Order pursuant to: (i) Fed. R. Civ. P. 12(b)(6), dismissing Plaintiffs' putative class action complaint; (ii) Fed. R. Civ. P. 12(f), to strike certain allegations from the Complaint[1]; and (iii) for such other further relief as this court deems just and proper.[2]

As discussed at greater length in the Process Server Defendants' moving papers, Plaintiffs purport to bring this action on behalf of themselves and "over a thousand putative Class Members…to challenge Defendants' coordinated unlawful scheme to extract money from New York City consumers, and enrich themselves, by systematically falsifying affidavits of service and filing those affidavits of service in New York City Civil Court." (*See*, the amended complaint in this action, previously submitted as Exhibit "A" to the Declaration of Jordan Sklar, submitted in support of the Process Server Defendants' motion to dismiss. ["Sklar Decl.", at ¶ 1.)

In their opposition to the pending motions to dismiss, Plaintiffs misconstrue the arguments made by, *inter alia*, the Process Server Defendants. First, Plaintiffs claim that Defendants urge that this Court hold that Defendants are "free to lie" in affidavits of service (Pl. Opp. p. 1). Second, Plaintiffs claim that the Amended Complaint presents viable claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), because the disputed affidavits of service: (i) "routinely" come to [Plaintiffs'] attention; and (ii) "may" affect a consumer's defense of a debt

---

[1] The Process Server Defendants do not "abandon" their motion on this point and rely on the cases cited in the original moving papers.

[2] With leave of Court, Plaintiffs submitted a single opposition ["Pl. Opp."], to the two pending motions to dismiss, that made by the Process Server Defendants and the one made by co-defendant law firm, Mullooly, Jeffrey, Rooney & Flynn, LLP ("Mullooly"). Also with leave of Court, Mullooly and the Process Server Defendants will be submitting separate Replies in further support of their respective motions.

collection case. (*Id.*) Plaintiffs' attempts to misdirect the Court from the actual arguments should not be endorsed. Rather, the amended complaint should be dismissed in its entirety.

## ARGUMENT

### Point I

### The Process Server Defendants Have Not Claimed That They Are "Free to Lie" In Affidavits of Service

As noted above, Plaintiffs oppose the pending motions to dismiss, claiming that Defendants argued that they [the Defendants] should be "free to lie." It appears that Plaintiffs are referring to the arguments made by, *inter alia*, the Process Server Defendants that Plaintiffs had not stated a claim under the FDCPA because Plaintiffs had not sufficiently alleged that any errors or inconsistencies in the disputed affidavits of service were "materially misleading."

To put this claim into context, *Cohen v. Rosicki, Rosicki & Associates, P.C.*, 897 F. 3d 75 (2d Cir. 2018), stands for, among other things, the proposition that in order to violate the FDCPA, the challenged statement or document must be "materially false or misleading." *Cohen*, 897 F. 3d at 85. A disputed assertion in an affidavit of service is "materially misleading" if it would "affect the decision-making process of the least sophisticated [consumer]." *Jensen v. Pressler & Pressler*, 791 F. 3d 413, 421 (3d Cir. 2015). Put another way, a challenged statement could violate the FDCPA if it could "mislead a putative-debtor as to the nature and legal status of the underlying debt." *Cohen*, 897 F. 3d at 86.

In their opposition, however, Plaintiffs have failed to point to any facts to support their claim that a debtor would be "misled" about whether he or she owes a debt by virtue of the claim in an affidavit of service that a relative was served with suit papers. Either the debtor owes the debt or he or she does not. The *method* in which process was served, or the *means* by which a debtor learned of a debt collection effort, is absolutely irrelevant to the existence [or lack thereof]

2

of the underlying debt itself.

In fact, cases cited by Plaintiffs actually support Defendants' argument in this regard. For example, Plaintiffs cite to *Easterling v. Collecto, Inc.*, 692 F. 3d 229 (2d Cir. 2012), for its discussion of what is, or is not, a "material" misrepresentation. There, the circuit court held that a debt collector's claim that a student debt had *not* been discharged in bankruptcy *was* material. However, that holding is: (i) in full accord with the FDCPA; and (ii) irrelevant to the case at bar.

It is in line with the FDCPA because an allegation that a particular debt survived a bankruptcy proceeding is the type of contention that obviously could "mislead a putative-debtor as to the nature and legal status of the underlying debt." *Cohen*, 897 F. 3d at 86. In fact, a false representation about the status of an underlying debt, that is, whether or not it survived a discharge, is <u>precisely</u> a statement about the "legal status" of the underlying debt.

It is irrelevant to the case at bar because a claim in an affidavit of service that a relative was served with suit papers makes absolutely no representation about, or reference to, the "legal status" of the underlying debt itself.

Similarly, Plaintiffs' reliance upon *Arias v. Gutman, Mintz, Baker, & Sonnenfeldt, LLP*, et al, 875 F.3d 128, 137 (2d Cir. 2017)(Pl. Opp. p. 10), actually supports the pending motions. The allegedly incorrect statements at issue in *Arias* had to do with whether some of the debtor's funds were exempt from collection efforts. As was the case in *Easterling*, this type of alleged misrepresentation went to the <u>heart</u> of whether or not the underlying debt was collectable. In other words, the debt collector's contentions on whether the debtor's funds were or were not exempt has <u>everything</u> to do with the "nature and legal status" of the debt.

Plaintiffs also claim that an allegedly incorrect affidavit of service violates the FDCPA because it could affect a debtor's "ability to respond to or dispute collection." (Pl. Opp. p.6). In

3

support of this claim, Plaintiffs contend that a debtor would treat a collection effort received in hand from a process server differently than one received by mail or through some other method. (Pl. Opp. p. 9). However, this novel psychological argument is not made in the amended complaint nor is it supported by any facts or alleged facts.

Plaintiffs cite to *Feinstein v. Bergner*, 397 N.E. 2d 1161 (N.Y. 1979) to support this argument, claiming that *Feinstein* stands for the proposition that "a consumer, particularly an unsophisticated one, is much more likely to understand the gravity of court papers if they are personally handed to her or to a relative than if they simply arrive in the mail, just like any ordinary collection letter that the consumer may have received by mail from the debt collector in the past." (Pl. Opp. p. 9).

However, *Feinstein* said absolutely nothing about what a consumer might or might not conclude about a debt based on the method in which they learned about the debt and debt collection effort. To the contrary, *Feinstein* held that service made upon a debtor at the debtor's parent's home where he previously lived was not sufficient where the debtor had subsequently moved out and established his own primary residence.

Similarly, Plaintiffs cite *Michelo v. Nat'l Collegiate Student Loan 2007-2*, 419 F. Supp. 3d 668 (S.D.N.Y. 2019) for the proposition that "consumer[s] likely would respond differently to an unauthorized complaint than he or she would to a complaint lawfully filed." (Pl. Opp. p. 11). However, *Michelo* says nothing about methods of service or affidavits of service. In fact, *Michelo* has no relevance to Plaintiffs' theory that debtors pay more attention to debt collection actions received from a process server than they do to debt collection actions that come to their attention some other way. The language Plaintiffs cite from *Michelo* arose in the context of a discussion about an alleged misrepresentation about whether or not the debt collector was "authorized to

4

proceed with the [debt collection] action." *Michelo*, 419 F. Supp. 3d at 705. In other words, the issue in *Michelo* was whether the debt collector could proceed at all to try and judicially collect on the debt. The *Michelo* court found that such alleged misrepresentation *was* "material" because the claim that a debt collector could try and use the court system to collect debts *was* the type of claim that could affect how a debtor responded. *Michelo* has no bearing on Plaintiffs' theory here that the *way* a debtor learned about a debt would affect his or her response to the alleged debt.

In sum, the Process Server Defendants never argued that they should "free to lie" in affidavits of service. Rather, as outlined at greater length in the original gal moving papers, the Process Server Defendants argued that an alleged misidentification in an affidavit of service about who received suit papers was not the type of "material misrepresentation" that could support a claim under the FDCPA.

### Point II

### The Amended Complaint Does Not Present a FDCPA Claim Since the Disputed Affidavits Neither Routinely Come to Plaintiffs' Attention Nor Do They Affect Plaintiffs' Defense

As noted above, Plaintiffs argue that the Amended Complaint presents claims under the FDCPA because the disputed affidavits of service: (i) "routinely" come to [Plaintiffs'] attention; and (ii) "may" affect a consumer's defense of a debt collection case. In support of this argument, Plaintiffs cite to *Arias v. Gutman, Mintz, Baker, & Sonnenfeldt, LLP*, et al, 875 F.3d 128, 137 (2d Cir. 2017), claiming that this case it stands for the proposition that "the affidavit of service is a court filing that 'routinely come[s] to the consumer's attention and may affect his or her defense of a collection claim.' " However, *Arias* has nothing to do with affidavits of service and Plaintiffs' suggestion to the contrary is disingenuous at best.

Equally disingenuous is Plaintiffs' challenge to how the Process Server Defendants

5

distinguished *Arias* from the case at bar, claiming that the Process Server Defendants' made a distinction concerning "[w]hether a false filing is the first in a court case or the last." (Pl. Opp. p. 15). However, the Process Server Defendants did no such thing.

As is relevant to the pending motions, the underlying debt collection action that was reviewed in *Arias* included a dispute as whether the plaintiff debtor's bank account contained money that was exempt from garnishment [since they were exempt Social Security benefits payments], or whether they were "personal funds" that *could* be attached. The alleged "misrepresentation" that the *Arias* court had to review for "materiality" were affirmative statements by the debt collector that the debtor *had* mingled exempt and non-exempt funds. This statement [about the alleged comingling of funds] was filed by the debt collector in response to the debtor's claim that the funds had *not* been comingled.

Put another way, the debtor made a representation [the funds were exempt], and the debt collector made a counter-representation [the funds were not exempt]. Both the debtor's representation and the debt collector's counter-representation were submissions made directly to the adversarial party (that is, the debtor served his representation on the debt collector and the debt collector served the counter-representation on the debtor.) Under that scenario, it makes absolute sense that the *Arias* court held that the debt collector's counter-representation was a court filing that "routinely" came to the debtor's attention. The debt collector's filing came to the debtor's attention because it was served directly on the debtor. Here, in contrast, the subject affidavits of service were filed as part of the general litigation process and were representations made to the Court, <u>not</u> directly to the plaintiff-debtors. As such, *Arias* does <u>not</u> support Plaintiff's claim that affidavits of service are the type of direct-to-debtor representations that could trigger a FDCPA claim.

6

Plaintiffs cite other cases for the proposition that communications from debt collector to third-parties [not the debtor], are actionable under the FDCPA. (Pl. Opp. p. 15). For example, they point to *Plummer v. All Credit & Fin, Inc*., 66 F. Supp. 3d 484, 491 (S.D.N.Y. 2014). However, the "third-party" at issue in *Plummer* was another debt collector. It made sense, therefore, that misrepresentations amongst debt collectors <u>about the subject debt</u> could violate the FDCPA. Defendants presented numerous cases to this Court that demonstrate that representations made directly to the Court as part of the litigation process do not run afoul of the FDCPA, cases which support the dismissal of claims against the Process Server Defendants.

## **CONCLUSION**

For all reasons stated herein, and in their original moving papers, defendants GOTHAM PROCESS, INC., BASSEM ELASHRAFI; and CARL BOUTON, respectfully request that this Court issue an Order dismissing the Plaintiff's claims against them, together with any further relief this court deems just and proper.

Dated: White Plains, New York
December 18, 2020

                                      BABCHIK & YOUNG, LLP

                            By: *s/ Jordan Sklar*
                                 Jordan Sklar (JS 3631)
                                 *Attorneys for the Process Server Defendants*
                                 245 Main Street, Suite 330
                                 White Plains, New York 10601
                                 (914) 470-0001