UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKIE BURKS; BRUNILDA PAGAN CRUZ;
VENUS CUADRADO; and RHONDA DRYE,
individually and on behalf of all persons similarly
situated,

                                        Plaintiffs,

                    -against-


GOTHAM PROCESS, INC.; MULLOOLY,
JEFFERY, ROONEY & FLYNN, LLP; BASSEM
ELASHRAFI; and CARL BOUTON,

                                        Defendants.

**No. 20 Civ. 1001 (NRM) (PK)**

## STIPULATION OF SETTLEMENT AND RELEASE AS TO ALL CLAIMS AGAINST DEFENDANT MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP

This Settlement Agreement (the "Agreement") is entered into by and between Named

Plaintiffs Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado, individually and on behalf of

the putative Class Members (defined below) they seek to represent (collectively, the

"Plaintiffs"), and Defendant Mullooly, Jeffery, Rooney & Flynn, LLP ("MJRF," and, with

Plaintiffs, the "Settling Parties").

### RECITALS

WHEREAS, on February 24, 2020, Jackie Burks, Brunilda Pagan Cruz, Venus Cuadrado,

and Rhonda Drye filed the above-captioned putative class action against Defendants Gotham

Process Inc., Mullooly, Jeffery, Rooney & Flynn, LLP, Carl Bouton, and Bassem Elashrafi

("Defendants");

WHEREAS, Plaintiffs alleged that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601 *et seq.*, New York General Business Law § 349, and the New York City Administrative Code § 20-409.2, in executing on assigned Judgments and opposing consumers' efforts to challenge those executions;

WHEREAS, on July 17, 2020, Plaintiffs filed an amended complaint (the "Amended Complaint") that additionally asserted New York common law negligence claims against Defendants;

WHEREAS, on September 14, 2021, Defendants' Motions to Dismiss were denied;

WHEREAS, MJRF answered the Amended Complaint and denied the material allegations therein;

WHEREAS, on November 18, 2022, pursuant to Fed. R. Civ. P. 25(a)(1), Plaintiffs notified the Court of the death of Plaintiff Rhonda Drye;

WHEREAS, the time to substitute a representative for Plaintiff Rhonda Drye, pursuant to Fed. R. Civ. P. 6(b) and 25(a)(1), has been extended to and including May 15, 2023;

WHEREAS, the Settling Parties have engaged in extensive document discovery;

WHEREAS, the Settling Parties have engaged in extensive settlement discussions and arm's-length negotiations, and have reached an agreement on the class-wide settlement outlined below;

WHEREAS, the purpose of this Agreement is to settle fully and finally the claims asserted by Plaintiffs against MJRF in the above-captioned action;

WHEREAS, Plaintiffs expressly reserve all rights to pursue their claims against Defendants Gotham Process Inc. ("Gotham"), Carl Bouton ("Bouton"), and Bassem Elashrafi ("Elashrafi" and together with Gotham and Bouton, the "Process Server Defendants");

2

WHEREAS, MJRF expressly reserves all rights to pursue all claims in plenary actions against the Process Server Defendants, including, without limitation, claims against Gotham arising from and relating to the Process Service Agreement, dated October 20, 2009, by and between, Gotham and MJRF (the "PSA");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado, individually and on behalf of the putative Class Members, on the one part, and Defendant Mullooly, Jeffery, Rooney & Flynn, LLP, on the other part, that, subject to Court approval, in consideration for the mutual promises and covenants set forth in this Agreement as well as the good and valuable consideration provided for herein, the Settling Parties (defined below) hereto agree to a full and complete settlement of claims asserted by Plaintiffs against MJRF on the following terms and conditions, subject to and upon entry by the Court of a Final Approval Order (defined below) and the occurrence of the Final Settlement Date (defined below), the Burks Civil Action (defined below) as against MJRF shall be settled and compromised upon the terms and conditions contained in this Agreement.

## I.      DEFINITIONS

The following capitalized terms have the meanings set forth below:

A.      "Actions" means all lawsuits commenced by MJRF on behalf of a Civil Action Plaintiff (defined below) in New York City Civil Court on or after January 1, 2016, against a natural person in which an affidavit of service has been filed stating that Bassem Elashrafi or Carl Bouton, on behalf of Gotham Process, Inc., effectuated service by delivering the papers to a person identified as a Relative (defined below) of the person to be served.

B.      "Administration Expenses" means all of the fees, costs, disbursements, and expenses charged or incurred by the Class Administrator in implementing and administering the Settlement Agreement, including but not limited to, the fees, costs, disbursements, and expenses associated with notice, processing all claims made by Settlement Class Members, and the distribution of Settlement Class Member Awards.

3

C.  "Allocation Plan" means the plan selected by Plaintiffs by which Settlement Class Member Awards will be distributed, subject to the Court's approval.

D.  "Approved Attorneys' Fees" means Class Counsel's attorneys' fees, costs of litigation and expenses approved by the Court in connection with this Settlement Agreement.

E.  "*Burks* Civil Action" means the above-captioned federal action, specifically, *Burks et al. v. Gotham Process Inc., et al.*, No. 20 Civ. 1001 (E.D.N.Y.).

F.  "Civil Action Plaintiff(s)" means the plaintiff (s) in the Action(s).

G.  "Claim Form" means the form that Class Members may submit to make a claim for a Settlement Class Member Award.

H.  "Class" means all natural persons who have been sued by MJRF, on behalf of a Civil Action Plaintiff, in New York City Civil Court in Actions commenced on or after January 1, 2016, in which an affidavit of service has been filed, stating that Bassem Elashrafi or Carl Bouton, on behalf of Gotham Process, Inc., effectuated service by delivering the papers to a person identified as a Relative of the person to be served.

I.  "Class Administrator" means a third-party administrator selected by Plaintiffs, and approved by MJRF, to provide Class Notice and to administer the claims process and this Settlement Agreement, subject to the Court's approval.

J.  "Class Counsel" means the New York Legal Assistance Group.

K.  "Class Member(s)" means, unless otherwise specified, members of the Class.

L.  "Class Notice" or "Notice" means the Notice required to be given to Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

M.  "Class Representative" means the individual or individuals who, subject to the Court's approval, represent the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

N.  "Class Settlement Account" means an account to be maintained by the Class Administrator from which the Administration Expenses, Approved Attorneys' Fees, Service Awards, and Settlement Class Member Awards will be paid.

O.  "Closed Files" means Actions that (a) prior to the Final Settlement Date, MJRF has closed and permanently ceased Collection efforts and that (i) have been dismissed or discontinued with prejudice or (ii) have a satisfied judgment; or (b) prior to the date of execution of this Settlement Agreement, have been dismissed or discontinued without prejudice.

P.  "Closed File List" means the list of Closed Files.

Q.    "Collection" means collecting on an Action or Judgment, whether through legal proceedings, negotiation, or other means, including, but not limited to, sending dunning letters, initiating a new Execution, collecting on any ongoing Execution, soliciting a repayment or settlement agreement, and accepting any payments made pursuant to any settlement or repayment agreement or otherwise made voluntarily, or attempting to do any of the above, or providing substantial assistance to third parties to do any of the above.

R.    "Drye Dismissal Order" means an order, pursuant to Fed. R. Civ. P. 6(b) and 25(a)(1), dismissing Plaintiff Rhonda Drye's claims against MJRF in the Burks Civil Action with prejudice.

S.    "Execution" means any effort to collect on a Judgment via income execution, property execution, bank restraint, bank levy or other similar means.

T.    "Fairness Hearing" means the hearing before the Court relating to the motion for final approval of the Settlement Agreement.

U.    "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, finally approving this Settlement Agreement as meeting the requirements of Federal Rule of Civil Procedure 23, and dismissing all claims against MJRF in the *Burks* Civil Action with prejudice.

V.    "Final Settlement Date" means the date on which the Final Approval Order becomes non-appealable, which is the later of:

    (i)    the expiration of the time to file or notice any appeal from the Final Approval Order; or

    (ii)   the date of final affirmance of the Final Approval Order in any appeals therefrom.

W.    "Gross Settlement Amount" means the sum of Seven Hundred Fifty Thousand Dollars and Zero Cents ($750,000.00), which MJRF has agreed to pay, or cause to be paid, to Class Members to settle the *Burks* Civil Action as against MJRF.

X.    "Judgments" mean all judgments entered in the Actions.

Y.    "MJRF's Counsel" means Abrams Garfinkel Margolis Bergson, LLP.

Z.    "Named Plaintiffs" means Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado.

AA.   "New York City Civil Court" means the branches of the Civil Court of the City of New York located in the five boroughs of New York City.

BB.   "Objection, Exclusion, and Claim Submission Deadline" means the date by which Class Members' objections to this Settlement Agreement, Requests for Exclusion from the Class, and Claim Forms must be sent to the Class Administrator.

CC.   "Plaintiffs" means the Named Plaintiffs and the Class Members.

DD.   "Preliminary Approval Order" means the order granting preliminary approval of this Settlement Agreement.

EE.   "Relative" means any identified familial relationship, including but not limited to "relative," "mother," "father," "sister," "brother," and "cousin," whether such person is identified by name, by pseudonym, or otherwise.

FF.   "Request For Exclusion" means the written communication that must be made with the Class Administrator and postmarked on or before the Objection, Exclusion, and Claim Submission Deadline by a Class Member who requests to be excluded from the Settlement Class.

GG.   "Settlement Agreement" or "Agreement" means this Stipulation of Settlement and the agreement between the Settling Parties embodied herein, including any subsequent written amendments to this Stipulation of Settlement.

HH.   "Settlement Class" and "Settlement Class Member(s)" mean all members of the Class except any person who has filed a valid and timely Request for Exclusion.

II.   "Settlement Class Member Award(s)" means the monetary relief obtained by Settlement Class Members pursuant to Section III(A) of this Agreement.

JJ.   "Settling Parties" means Plaintiffs and MJRF.

KK.   "Substitution Order" means an order of the Court substituting a person or entity for Plaintiff Rhonda Drye in the Burks Civil Action.

## II.   CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

A.   Solely for purposes of this Agreement, the Settling Parties agree to certification of

a class under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3) consisting of:

> *All natural persons who have been sued by MJRF, on behalf of a Civil Action Plaintiff, in New York City Civil Court in Actions commenced on or after January 1, 2016, in which an affidavit of service has been filed, stating that Bassem Elashrafi or Carl Bouton, on behalf of Gotham Process, Inc., effectuated service by delivering the papers to a person identified as a Relative of the person to be served.*

B.      Subject to Court approval, the Settling Parties agree to the appointment of the Named Plaintiffs as the Class Representatives.

C.      Subject to Court approval, the Settling Parties agree to the appointment of the New York Legal Assistance Group as Class Counsel.

## III.    RELIEF TO THE CLASS

### A.      Monetary Relief

1.      MJRF agrees to pay, or cause to be paid, the Gross Settlement Amount, which shall be used to pay Settlement Class Member Awards, Service Awards, Approved Attorneys' Fees, and Administration Expenses, as well as any *cy pres* award and any additional distributions as expressly contemplated in this Agreement and approved by the Court.  The terms of this Agreement shall not require MJRF to pay more than the Gross Settlement Amount.

2.      Within twenty-one (21) days following the Court's entry of the Preliminary Approval Order, MJRF will deposit or cause to be deposited the Gross Settlement Amount into the Class Settlement Account created and controlled by the Class Administrator.

3.      Subject to the other agreements set forth herein, the remaining principal and interest in the Gross Settlement Amount, less any amount paid to the Class Administrator for administration costs and notice costs, shall be returned to MJRF within twenty-one (21) days if any of the following events occurs: (i) the Court determines not to enter a Final Approval Order and the time to file a Notice of Appeal has expired and/or the decision not to enter a Final Approval Order is affirmed on appeal; and/or (ii) a Final Approval Order is set aside by an appellate court, unless otherwise agreed in writing by the Parties.

4.      Settlement Class Member Awards will be distributed to all Settlement Class Members who have submitted approved Claim Forms pursuant to the terms of this

Agreement and pursuant to such Allocation Plan as the Court approves. Class Counsel may apply to the Court for reasonable modifications to the Allocation Plan in the interest of fairness to the Settlement Class Members.

5.     The Named Plaintiffs may file, and MJRF will not oppose, applications for Service Awards in connection with their claims against MJRF, to be paid from the Settlement Amount, of up to Five Thousand Dollars ($5,000) at the Fairness Hearing. The Named Plaintiffs' applications may request that Named Plaintiff Rhonda Drye's Service Award be paid to her family in recognition of her effort prosecuting the class's claims against MJRF before her death; MJRF will not oppose this request so long as Ms. Drye's claims against MJRF have been dismissed with prejudice. The Service Awards, if approved by the Court, shall be paid pursuant to the provisions of the Allocation Plan and Final Approval Order.

6.     Along with Class Counsel's motion for final approval, Class Counsel may petition the Court for approval of an award of reasonable attorneys' fees costs, and expenses incurred in prosecuting the Class's claims against MJRF.  Any award of Approved Attorneys' Fees shall come solely from the Settlement Amount and shall not exceed two hundred thousand dollars ($200,000).

7.     To the extent that funds remain in the Class Settlement Account after the initial distribution of Settlement Class Member Awards, Service Awards, and Administration Expenses, and Approved Attorneys' Fees, the Class Administrator and Class Counsel shall together determine whether to make any further distributions consistent with the Allocation Plan, after considering whether such distribution is practical and feasible in light of the amount that remains in the Class Settlement Account and the estimated costs of any such distribution.

If further distributions are not economically feasible, the remainder shall, subject to Court approval, be given as a *cy pres* award to a not-for-profit organization that benefits individuals adversely affected by consumer debt collection practices. Under no circumstances will any of the Settlement Amount revert to MJRF.

8.     Plaintiffs' agreement to these terms is expressly premised upon the truthfulness of MJRF's representations regarding the amounts it has collected from Class Members, including the spreadsheets provided by MJRF's Counsel to Class Counsel on September 19, 2022 and March 9, 2023. If, upon motion by Plaintiffs made prior to the Final Settlement Date, the Court finds that MJRF made any material misstatement or omission in its representations regarding the amounts it has collected from Class Members, Plaintiffs may terminate this Settlement Agreement.

B.     **Injunctive Relief**

1.     *Continuation of Standstill Through Final Settlement Date*

a.     MJRF shall continue a standstill of collection, pursuant to the December 29, 2022 Agreement, as amended as of May 2, 2023, between the Settling Parties (the "Standstill Agreement"), a copy of which will be provided to the Court upon request, until the Final Settlement date.

b.     Notwithstanding the foregoing:

i.     On thirty days' written notice to Plaintiffs' counsel, MJRF may withdraw from the Standstill Agreement with respect to one or more Civil Action Plaintiffs (and the respective Actions that they commenced) (a "Partial Withdrawal"), pursuant to the terms thereof; and

ii.     In the event that this Settlement Agreement is terminated, the Standstill Agreement may be terminated at the option of MJRF or Plaintiffs upon thirty days'

9

written notice to the opposing party, in which case escrowed funds shall revert to MJRF and/or the Civil Action Plaintiffs.

2.   *Permanent Cessation of Collection against Settlement Class Members After the Final Settlement Date*

a.      As of the Final Settlement Date, MJRF will begin taking steps to permanently cease all Collection by MJRF against all Settlement Class Members by the actions set forth below.

b.      Within 21 days after the Final Settlement Date, MJRF will direct the Marshal to permanently terminate all Executions against Settlement Class Members.

c.      Within 5 business days after the Final Settlement Date, MJRF will deposit into the Class Settlement Account all funds held in escrow pursuant to the Standstill Agreement or pursuant to Paragraph III.B.1.  The Class Administrator will be solely responsible for returning the Standstill Agreement escrow funds to the respective Settlement Class Members from whom they were collected. Under no circumstances will any of the funds in escrow revert to MJRF or the Civil Action Plaintiffs.

d.      Within 5 business days after the Final Settlement Date, MJRF will provide Class Counsel with a final Closed File List that includes additional Closed Files added to the Closed File List after execution of this Settlement Agreement and before the Final Settlement Date.

3.   *Discontinuance of Actions, Vacatur or Satisfaction of Judgments against Settlement Class Members and Closed Files*

a.      Within 90 days after the Final Settlement Date, and provided the respective Civil Action Plaintiffs consent to MJRF doing so, MJRF will mail a stipulation of

discontinuance with prejudice executed by MJRF to all Settlement Class Members not on the Closed File List who have filed an answer in an Action in which a Judgment has not been entered, together with a cover letter to be agreed upon by the respective counsel for the Settling Parties, which, among other things, requests that the stipulation of discontinuance be signed and returned to MJRF. MJRF will file copies of all stipulations of discontinuance counter-signed and returned to MJRF by Settlement Class Members in New York City Civil Court within 30 days. If the subject Settlement Class Member does not sign and return a stipulation of discontinuance mailed to him or her within 60 days, MJRF will take reasonable steps to discontinue the action with prejudice.

   b. Within 90 days after the Final Settlement Date, and provided the respective Civil Action Plaintiffs consent to MJRF doing so, MJRF will mail a notice of discontinuance with prejudice executed by MJRF to all Settlement Class Members not on the Closed File List who have not filed an answer in an Action in which a Judgment has not been entered, together with a cover letter to be agreed upon by respective counsel for the Settling Parties, and will file such notices in New York City Civil Court.

   c. Within 120 days after the Final Settlement Date, and provided the respective Civil Action Plaintiffs consent to MJRF doing so, MJRF will file a satisfaction of Judgment or send a stipulation to vacate and discontinue with prejudice in each Action against a Settlement Class Member who is not on the Closed File List in which a Judgment has been entered.  In the event a stipulation to vacate and discontinue is sent, they will be accompanied by a cover letter to be agreed upon by respective counsel for the Settling Parties. If the subject Settlement Class Member does not sign and return to MJRF a stipulation to vacate and discontinue mailed to him or her within 60 days, MJRF will, within 60 additional days, file a

satisfaction of Judgment or file a motion to vacate and discontinue with prejudice in New York City Civil Court with respect to the subject Action.

             d.     Within 140 days after the Final Settlement Date, MJRF will, in a manner consistent with the New York Rules of Professional Conduct, withdraw from any Action against any Settlement Class Member not on the Closed File List in which a Triggering Event has not occurred.

    C.     **MJRF's Business Practices Regarding Service of Process**

        1.     MJRF has ceased and will not resume doing business with Gotham Process, Inc, Carl Bouton, and Bassem Elashrafi.

        2.     MJRF represents that it has provided training to its attorneys, and maintains policies/practices, regarding laws, rules, and regulations relating to service of process and that it will continue to provide such training and maintain such policies/practices going forward.

    D.     **Cooperation with Claims against Gotham, Bouton and/or Elashrafi**

        1.     The Settling Parties agree to take reasonable steps to cooperate in prosecution of any claims any Settling Party may pursue against defendants Gotham Process Inc., Carl Bouton, and Bassem Elashrafi.

    E.     **Data  to Class Counsel**

        1.     MJRF shall make best efforts to provide data reasonably requested by Class Counsel to effectuate the terms of this Agreement and the administration of the Settlement, including data necessary to identify the Class Members and the Class Members on the Closed File List.

F.     **Certifications to Class Counsel**

1.     No later than fourteen days prior to the any deadline to submit papers in support of Final Approval of this Settlement, MJRF shall provide a written certification to Class Counsel that it has conducted a review of relevant records to confirm compliance with the terms of the Standstill Agreement between the Settling Parties and Paragraph III.B.1. To the extent that full compliance cannot be certified, MJRF's counsel shall provide to Class Counsel the identit(ies) of Class Member(s) affected by said non-compliance and the reasons for non-compliance.

2.     No later than forty-five days after the Final Settlement Date, MJRF shall provide a written certification to Class Counsel that: (1) it has conducted a review of relevant records to confirm that it has directed the Marshal to permanently terminate all Executions against Settlement Class Members not on the Closed File List; and (2) it has deposited all funds held in escrow pursuant to the Standstill Agreement and Paragraph III.B.1 to the Class Settlement Account to be returned to the respective Settlement Class Members from whom they were collected.

3.     No later than 120 days after the Final Settlement Date, MJRF shall provide a written certification to Class Counsel identifying all Actions in which MJRF has taken some or all of the steps set forth in Paragraph III.B.3.

4.     No later than 240 days after the Final Settlement Date, MJRF shall provide a written certification to Class Counsel identifying all Actions in which MJRF has (1) discontinued the Action; (2) filed a satisfaction of Judgment or (3) moved or stipulated to vacate the Judgment and dismiss the Action with prejudice.

## IV.    CLASS SETTLEMENT PROCEDURE

### A.    Preliminary Approval

1.    The Settling Parties consent to the jurisdiction of Magistrate Judge Peggy Kuo over preliminary and final approval of the Settlement Agreement.

2.    Class Counsel will submit the fully executed Settlement Agreement to the Court and move for entry of the Preliminary Approval Order as soon as practicable, but not earlier than 35 days after the entry of the Drye Dismissal Order.

3.    In the motion for a Preliminary Approval Order, Class Counsel will inform the Court of the intended process to obtain a Final Approval Order that will, *inter alia*: (1) approve the proposed settlement, including the Allocation Plan, as fair, adequate and reasonable; (2) incorporate the terms of the Releases, as described herein; (3) dismiss the *Burks* Civil Action with prejudice as against MJRF; (4) award Class Counsel fees and costs; (5) award a Service Award to the Named Plaintiffs as more fully set forth herein and (6) permit MJRF to withdraw its cross-claim against the Process Server Defendants without prejudice. Class Counsel will provide a draft of the motion for a Preliminary Approval Order to MJRF's Counsel for review and comment prior to filing so that the Settling Parties can jointly file the motion for a Preliminary Approval Order.  In the event MJRF does not agree to jointly file the motion for a Preliminary Approval Order, MJRF agrees not to oppose the relief sought in the motion for a Preliminary Approval Order to the extent that it seeks the relief set forth in (1)-(6) above once filed, and MJRF reserves the right to submit its own motion for a Preliminary Approval Order or otherwise respond to the Named Plaintiffs' motion for a Preliminary Approval Order.

B.     **Class Settlement Administration**

1.     Class Counsel will select and, after providing notice to MJRF's Counsel and receiving consent from MJRF's Counsel, which shall not be unreasonably withheld, retain a Class Administrator to help implement this Settlement Agreement. The Court shall appoint the Class Administrator in the Preliminary Approval Order.

2.     The Class Administrator and all Administration Expenses shall be paid from the Class Settlement Account.

3.     The Class Administrator will be responsible for locating Class Members as necessary; mailing Class Notices and Claim Forms to Class Members in accordance with the Court's Preliminary Approval Order; receiving opt-out statements and statements from objectors; establishing and administering the Class Settlement Account and closing the Class Settlement Account upon conclusion of the settlement process; calculating the settlement awards; distributing the settlement checks to Settlement Class Members; and developing procedures and responding to inquiries from Class Members about this Agreement, the Claim Forms, Class Notices, and the procedures contained therein; creating a database of Class Members who have submitted Claim Forms, returned opt-out statements and submitted objections; providing the Settling Parties with all objectors' statements; responding to inquiries from Class Counsel concerning the settlement process; distributing any remaining funds to *cy pres* recipient(s) approved by the Court; and any other duties and responsibilities necessary to administer the settlement under the terms and conditions of this Settlement Agreement.  The Class Administrator shall provide regular informal reports to Class Counsel regarding the status of the mailing of Class Notices to Class Members, the claims administration process, the substance and status of disputes raised by Class Members regarding the calculation of

settlement awards, and distribution of the settlement checks; the Class Administrator shall also provide such informal reports to MJRF's Counsel upon request.

4.     The Settling Parties shall cooperate with Class Counsel and the Class Administrator in the administration of this Settlement Agreement in order to effectuate its terms, including using their best efforts to provide timely, accurate information necessary to contact and calculate payments to Settlement Class Members and comply with all notice requirements under the Class Action Fairness Act.

5.     In the event of a dispute by a Settlement Class Member regarding the calculation of or eligibility for their Settlement Class Member Award, the Class Administrator shall promptly report the nature of the dispute to respective counsel for the Settling Parties. Class Counsel who will work in good faith with the Class Administrator in an effort to resolve the dispute.  If Class Counsel and the Class Administrator cannot resolve the dispute, the Settling Parties shall bring the dispute to the Court's attention for resolution.

6.     The Settling Parties will provide or cause to be provided CAFA Notices to appropriate federal and state officials as required by CAFA; *provided* that, in scheduling hearings relating to the Court's determination whether to approve the proposed Settlement and this Settlement Agreement, the Settling Parties shall take into account the time periods prescribed in CAFA.

C.     **Notice, Objections, and Requests for Exclusion**

1.     Subject to the requirements of the Preliminary Approval Order or any other Order of the Court, Class Counsel will, at least sixty days prior to the Objection, Exclusion, and Claim Submission Deadline, cause the Class Administrator to provide Class Notices to all Class Members. A copy of the Claim Form and/or a link to an electronic claim form will be sent along with the Class Notices.

2.     Any Class Member who wishes to be excluded from the Settlement Class must deliver a Request for Exclusion to the Class Administrator pursuant to the requirements set forth in the Preliminary Approval Order or any other order of the Court. The Class Administrator shall provide the Settling Parties with a written report identifying the names of every Class Member who has submitted a timely Request for Exclusion.  Such report shall be delivered to Class Counsel and MJRF's Counsel within two business days after the Objection, Exclusion, and Claim Submission Deadline. Class Members may withdraw Requests for Exclusion at any time prior to entry of the Final Approval Order.

3.     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or any of its terms may do so as set forth in the Preliminary Approval Order or any other order of the Court. The Class Administrator shall report all Class Member objections to Class Counsel and MJRF's counsel within two business days of receipt.

D.     **Fairness Hearing**

1.     At the time Class Counsel submits this Settlement Agreement to the Court, they shall request that the Court schedule a Fairness Hearing.  The Settling Parties agree that the Fairness Hearing should occur at least 90 days after the Court enters the Preliminary Approval Order.  The Settling Parties agree that the Court may order a Fairness Hearing to be held by videoconference or teleconference, if the Court deems such method appropriate.

2.     On the date set by the Court for the Fairness Hearing, the Settling Parties shall jointly request the Court to review any petitions to intervene as well as any proper and timely objections to the Settlement Agreement and to conduct such other proceedings as the Court may deem appropriate under the circumstances.  At the Fairness Hearing, the Settling Parties shall request the Court to enter the Final Approval Order.

17

## V.    RELEASES

### A.    **Releases Among the Settling Parties**

1.    By operation of the entry of the Final Approval Order and in consideration for the Gross Settlement Amount and other valuable consideration as set forth in this Agreement, Settlement Class Members and Named Plaintiffs, including their respective agents, assigns, heirs, executors, attorneys and/or representatives (collectively, the "Releasing Parties") shall, as of the Final Settlement Date, completely, fully, finally and forever compromise, settle, release, discharge, extinguish, relinquish, and dismiss with prejudice all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent he or she may have had, now have, or had against MJRF and all of MJRF's past or present officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, advisors or agents, insurers, including, but not limited to, Houston Specialty Insurance Company, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, or administrators ("Released Parties") by reason of, arising out of, in connection with or relating to the claims that were or could have been asserted in the *Burks* Civil Action relating to the Actions, including, without limitation, any other claims that would be *res judicata* after judgment on the claims pled therein, any claims based on or arising out of service of process of the complaints in the Actions, entry of Judgments in the Actions, Collection efforts in the Actions, or Collections on Judgments, settlement agreements or payment plans related to or concerning claims in the Actions (collectively, the "Released Claims"). Upon the Final Settlement Date, all Releasing Parties shall be forever barred from

asserting any Released Claims against any of the Released Parties, and all Releasing Parties shall be deemed to have covenanted that they will not file, prosecute, or intervene in, or receive any benefits from, any other lawsuit or proceeding that is based on or arises from any claim released by operation of this Agreement.

2. As of the Final Settlement Date, MJRF shall be deemed to have forever released and discharged the Settlement Class Members and Named Plaintiffs from any claims that MJRF has or may have against Settlement Class Members and Named Plaintiffs arising out of or related to the Actions or the claims asserted in the *Burks* Civil Action.

3. The Settling Parties do not release, waive, or discharge claims to enforce any provision of this Agreement.

4. The Named Plaintiffs and Class Counsel represent that they are not aware of any currently-existing claims against MJRF on behalf of Named Plaintiffs or Class Members that would not be subject to the release in Paragraph V.A.1.

B. **Conditional Release of Civil Action Plaintiffs**

1. By operation of the entry of the Final Approval Order and in consideration for the Gross Settlement Amount and other valuable consideration as set forth in this Agreement, Settlement Class Members and Named Plaintiffs, including their agents, assigns, heirs, executors, attorneys and/or representatives (collectively, the "Releasing Parties") shall, effective as of the Final Settlement Date, completely, fully, finally and forever compromise, settle, release, discharge, extinguish, relinquish, and dismiss with prejudice all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent he or she may have had, now have, or had against

Civil Action Plaintiffs whose respective Actions have all been resolved by a Triggering Event (defined below), and all of the subject Civil Action Plaintiffs' respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, advisors or agents, insurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, or administrators (collectively, the "Released Civil Action Plaintiffs") by reason of, arising out of, in connection with or relating to any claims that were or could been asserted by any of the Settlement Class Members and Named Plaintiffs against the Released Civil Action Plaintiffs relating to or arising from the respective Actions, including, without limitation, any claims based on or arising out of service of process of the complaints in the Actions, entry of Judgments in the Actions, vacatur or satisfaction of a Judgment in an Action either before or after the Final Settlement Date, Collection efforts in the Actions, or Collections on Judgments, settlement agreements or payment plans related to or concerning claims in the Actions (collectively, the "Released Claims"). Upon occurrence of Triggering Events, all Releasing Parties shall be forever barred from asserting any Released Claims against the Released Civil Action Plaintiffs, and all Releasing Parties shall be deemed to have covenanted that they will not file, prosecute, or intervene in, or receive any benefits from, any other lawsuit or proceeding that is based on or arises from any claim released by operation of this Agreement. The release in this paragraph shall only apply to those Civil Action Plaintiffs whose claims against Settlement Class Members have all been resolved by a Triggering Event. By way of example, a Civil Action Plaintiff who commenced ten (10) Actions against Settlement Class Members which were each resolved by a Triggering Event would be subject to  the release provided by this paragraph and would be able to assert this paragraph as a complete defense to

any and all Released Claims. Conversely, a Civil Action Plaintiff who commenced ten (10) Actions against Settlement Class Members but only nine (9) of said Actions were resolved by a Triggering Event would not be subject to the release provided by this paragraph and would not be able to assert this paragraph as a defense to any and all Released Claims unless a Safe Harbor Event (defined below) occurred.

2. A Triggering Event means one, or any combination of, the following:

a. The discontinuance or dismissal with prejudice of an Action, pursuant to Paragraph III.B.3, whether or not preceded by a vacatur of a Judgment;

b. The filing of a satisfaction of Judgment in an Action, pursuant to Paragraph III.B.3; or

c. The inclusion of an Action on the Closed File List, pursuant to Paragraph III.B.2.d.

3. A "Safe Harbor Event" means those situations in which (a) a Civil Action Plaintiff's or its counsel's good faith efforts to comply with the provisions of Paragraph III.B.3 above did not result in the occurrence of a Triggering Event due to a Court or Court Clerk denying, rejecting or delaying entry of a stipulation of discontinuance, filing of a satisfaction, entry of a vacatur order, or other action intended to achieve the occurrence of a Triggering Event ("Denial of a Triggering Event Submission") and (b) the Civil Action Plaintiff or its counsel, within sixty (60) days after receiving notice of a Denial of a Triggering Event Submission, takes reasonable steps to cure, correct or supplement the submission to achieve a Triggering Event.

C. **Consideration**

1. The Settlement Class Members provide the Releases in Paragraphs V.A and V.B in consideration for the Gross Settlement Amount and other valuable consideration as set forth in this Agreement.

21

D.     **Reservation of Rights Against Non-Settling Defendants**

1.     Plaintiffs expressly reserve all rights to pursue any and all claims against the Process Server Defendants and to secure any and all relief from the Process Server Defendants separate from, and in addition to, the relief provided by this settlement, including but not limited to monetary relief for the class, service awards, administration expenses, attorneys' fees, and declaratory and injunctive relief.

2.     MJRF expressly reserves all rights to pursue any and all claims in plenary actions against the Process Server Defendants, including, without limitation, claims against Gotham arising from and related to the PSA, and nothing herein shall be deemed to be a waiver or release of any of MJRF's claims arising from or relating to the PSA, or otherwise, as against the Process Server Defendants.

## VI.     RETENTION OF JURISDICTION AND METHOD OF RAISING DISPUTES

A.     Any action arising under or to enforce this Settlement Agreement, the Preliminary Approval Order or the Final Approval Order, shall be commenced and maintained only in this Court and the Court retains continuing and exclusive jurisdiction to adjudicate such issues. Notwithstanding the foregoing, issues relating to the discontinuance, vacatur, and satisfaction of Judgments in the Actions, pursuant to Paragraph III.B.3, and the release of claims, pursuant to Paragraph V.A and V.B, may be raised in New York City Civil Court or the Supreme Court of the State of New York, as appropriate.

B.     In the event that a Settling Party asserts a breach of any aspect of this Agreement, the Settling Party asserting the breach shall provide written notice in accordance with Paragraph VII.J. No later than thirty days following service of such written notice, the Settling Parties shall meet and confer in a good faith effort to resolve the issue raised in the notice. If the Settling Parties are unable to resolve the issue within sixty days after the notice, or such time

22

thereafter as is mutually agreed upon, then any Settling Party may seek judicial intervention, including enforcement of the provisions of this Agreement.

## VII.   ADDITIONAL TERMS, GENERAL MATTERS AND RESERVATIONS

A.   It is hereby understood and agreed that this Settlement Agreement is the compromise of disputed claims and is not to be construed or interpreted in any way as an admission of liability on the part of MJRF, such liability and/or responsibility being expressly denied. The Settling Parties and Class Counsel agree that there have been no findings of fact or law by the Court of any improper or illegal conduct by MJRF and there have been no determinations as to any alleged wrongdoing or liability of MJRF.  It is further understood and agreed that any Civil Action Plaintiffs' decision to permit and/or consent to actions consistent with Paragraph III.B cannot be construed or interpreted in any way as an admission of liability, wrongdoing or improper conduct of any kind.

B.   MJRF agrees that it will refer questions from Class Members regarding this Settlement to Class Counsel, as appropriate. MJRF agrees that, in its communications with Class Members, MJRF will not make any statements that are inconsistent with the terms of this Settlement Agreement or are otherwise misleading regarding the Settlement.

C.   This Settlement Agreement sets forth the entire agreement among the Settling Parties with respect to their subject matter.

D.   This Settlement Agreement shall be governed by and interpreted according to the laws of the State of New York.

E.   Upon entry of an order by the Court that invalidates or disapproves the Settlement Agreement, or which alters any material term of this Settlement Agreement without the Settling Parties' consent, MJRF and/or the Named Plaintiffs shall have the right to terminate the

Settlement Agreement, and the Settlement Agreement thereafter shall have no further force and effect with respect to any of the Settling Parties.

   F. In the event that the Court conditions its preliminary or final approval of the Settlement Agreement on any changes to the Settlement Agreement, the Settling Parties shall in good faith consider such changes and consent to them if, in their sole discretion, they do not materially alter the obligations of, or consideration provided to, the Settling Parties.

   G. In the event the Settlement Agreement is terminated, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection with this Settlement Agreement shall be without prejudice to any Settling Party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any Settling Party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Settling Parties to this Agreement shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

   H. If a bankruptcy case is commenced as to MJRF under Title 11 of the United States Code, or a trustee, receiver or conservator is appointed under United States bankruptcy law for MJRF, and if a final order and/or judgment of a court of competent jurisdiction is entered determining that the transfer of the Gross Settlement Amount (or any portion of it) to the Class Settlement Account is a voidable preference or fraudulent transfer, and if any funds in the Class Settlement Account are actually clawed back by the debtor's estate and become unavailable before the initial distribution of the Gross Settlement Amount has been made to Class Members, then this Settlement Agreement may be terminated at the sole option and discretion of Class Counsel.

   I. All matters not specifically covered by the provisions of this Settlement Agreement shall be resolved by agreement of Class Counsel and MJRF's Counsel, or if they cannot

agree, by order of the Court, unless the dispute relates to a material change to the Settlement Agreement which gives rise to a right of any Settling Party, in their sole discretion, to void and cancel the Settlement Agreement.

J.      Any notices given by one Settling Party to another in connection with this Settlement Agreement shall be provided by e-mail as follows (or at such other e-mail address as may be provided by a Settling Party):

**If to MJRF, then to:**

Robert J. Bergson
rbergson@agmblaw.com
Andrew Gefell
agefell@agmblaw.com
Barry Margolis
bmargolis@agmblaw.com

**If to the Named Plaintiffs, then to:**

Danielle F. Tarantolo
dtarantolo@nylag.org
Jessica Ranucci
jranucci@nylag.org
Shanna Tallarico
stallarico@nylag.org

K.      In the event that, any time prior to an order granting Preliminary Approval of this Settlement Agreement, one of the following events has occurred, the Settling Parties shall confer and work in good faith to consider potential modifications to the Settlement Agreement; after such conferral and prior to the order granting Preliminary Approval, MJRF may, at its sole discretion, have the right to terminate the Settlement Agreement and the Settlement Agreement shall thereafter have no force and effect with respect to any of the Settling Parties:

1.      an appeal has been taken of the Drye Dismissal Order and there has been no final affirmance; or

25

2.      entry of a Substitution Order.

L.      This Settlement Agreement may be signed in counterparts, each of which shall constitute a duplicate original.  Execution by facsimile or by electronically transmitted signature shall be fully and legally binding.

Agreed to as of this 2nd day of May, 2023

**NEW YORK LEGAL ASSISTANCE GROUP**
**LISA RIVERA, ESQ.**

By: _____
      Danielle Tarantolo, of counsel
      Jessica Ranucci, of counsel
      Shanna Tallarico, of counsel
100 Pearl Street, 19th Floor
New York, NY 10004
Telephone: (212) 613-5000
Email:  dtarantolo@nylag.org
Email:  jranucci@nylag.org
Email:  stallarico@nylag.org

*Attorneys for Named Plaintiffs and Class Members*

**ABRAMS GARFINKEL**
**MARGOLIS BERGSON, LLP**

**By:** _____
      Robert J. Bergson
      Andrew Gefell
1430 Broadway, 17th Floor
New York, New York 10018
Telephone: (212) 201-11 75
Email:  rbergson@agmblaw.com
Email:  agefell@agmblaw.com

*Attorneys for Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP*