UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO; and RHONDA DRYE, individually and on behalf of all persons similarly situated,<br><br>                                              Plaintiffs,<br><br>                      -against-<br><br><br>GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,<br><br>                                              Defendants. | No. 20 Civ. 1001 (NRM) (PK) |

## STIPULATION OF SETTLEMENT AND RELEASE AS TO ALL CLAIMS AGAINST DEFENDANTS GOTHAM PROCESS, INC., CARL BOUTON, AND BASSEM ELASHRAFI

This Settlement Agreement (the "Agreement") is entered into by and between Named Plaintiffs Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado, individually and on behalf of the putative Class Members (defined below) they seek to represent (collectively, the "Plaintiffs"), and Defendants Gotham Process Inc. ("Gotham"), Carl Bouton ("Bouton"), and Bassem Elashrafi ("Elashrafi," and with Gotham and Bouton, the "Process Server Defendants," and with Gotham, Bouton, and Plaintiffs, the "Settling Parties").

### RECITALS

**WHEREAS**, on February 24, 2020, Jackie Burks, Brunilda Pagan Cruz, Venus Cuadrado, and Rhonda Drye filed a complaint in the above-captioned putative class action against Defendants Gotham Process Inc., Mullooly, Jeffery, Rooney & Flynn, LLP, Carl Bouton,

and Bassem Elashrafi ("Defendants"), and on July 17, 2020, Plaintiffs filed an amended complaint in the action;

**WHEREAS,** Plaintiffs alleged that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601 *et seq.*, New York General Business Law § 349, and the New York City Administrative Code § 20-409.2, and committed common law negligence, in failing to lawfully serve process and collecting on the resulting actions and judgments;

**WHEREAS**, on September 14, 2021, Defendants' Motions to Dismiss were denied;

**WHEREAS**, on November 18, 2022, pursuant to Fed. R. Civ. P. 25(a)(1), Plaintiffs notified the Court of the death of Plaintiff Rhonda Drye;

**WHEREAS**, on May 2, 2023, Plaintiffs executed a stipulation of settlement resolving Plaintiffs' claims against Defendant Mullooly, Jeffery, Rooney & Flynn, LLP (the "MJRF Stipulation");

**WHEREAS**, the Settling Parties have engaged in extensive document discovery;

**WHEREAS**, the Settling Parties have engaged in extensive settlement discussions and arm's-length negotiations, and have reached an agreement on the class-wide settlement outlined below;

**WHEREAS**, the Process Server Defendants, without any admission regarding liability, desire to resolve and settle all claims, and all issues raised or that could have been raised against them in the Burks Civil Action (defined below), without further litigation or adjudication;

**WHEREAS**, the Settling Parties have chosen to enter into this Agreement to avoid any further proceedings with respect to any and all claims any Settling Party has made against the other Settling Party or could make in any case or forum and in all other respects to settle, bar and

waive any and all remaining claims that the Class has or may have against the Process Server Defendants or the Process Server Defendants' past and present parent companies, subsidiaries, affiliates, founders, partners, successors and assigns, and its and their respective past and present officers, directors, and employees, partners, agents, attorneys, trustees, insurers, in their individual and official capacities (with the exception of Mullooly, Jeffery, Rooney & Flynn, LLP, against which the Class has separately resolved its claims);

**WHEREAS**, the purpose of this Agreement is to settle fully and finally the claims asserted by Plaintiffs against the Process Server Defendants in the above-captioned action;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiffs Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado, individually and on behalf of the putative Class Members, on the one part, and Defendants Gotham, Bouton, and Elashrafi, on the other part, that the Burks Civil Action (defined below) as against the Process Server Defendants shall be settled and compromised upon the terms and conditions contained in this Agreement.

**I.   DEFINITIONS**

The following capitalized terms have the meanings set forth below:

A. "Actions" means all lawsuits commenced by MJRF on behalf of a Civil Action Plaintiff (defined below) in New York City Civil Court on or after January 1, 2016, against a natural person in which an affidavit of service has been filed stating that Bassem Elashrafi or Carl Bouton, on behalf of Gotham Process, Inc., effectuated service by delivering the papers to a person identified as a Relative (defined below) of the person to be served.

B. "Administration Expenses" means all of the fees, costs, disbursements, and expenses charged or incurred by the Class Administrator in implementing and administering the Settlement Agreement, including but not limited to, the fees, costs, disbursements, and expenses associated with notice, processing all claims made by Settlement Class Members, and the distribution of Settlement Class Member Awards.

3

C. "Allocation Plan" means the plan selected by Plaintiffs by which Settlement Class Member Awards will be distributed, subject to the Court's approval.

D. "Approved Attorneys' Fees" means Class Counsel's attorneys' fees, costs of litigation and expenses approved by the Court in connection with this Settlement Agreement.

E. "Burks Civil Action" means the above-captioned federal action, specifically, *Burks et al. v. Gotham Process Inc., et al.*, No. 20 Civ. 1001 (E.D.N.Y.).

F. "Civil Action Plaintiff(s)" means the plaintiff(s) in the Action(s).

G. "Claim Form" means the form that Class Members may submit to make a claim for a Settlement Class Member Award.

H. "Class" means all natural persons who have been sued by MJRF, on behalf of a Civil Action Plaintiff, in New York City Civil Court in Actions commenced on or after January 1, 2016, in which an affidavit of service has been filed, stating that Bassem Elashrafi or Carl Bouton, on behalf of Gotham Process, Inc., effectuated service by delivering the papers to a person identified as a Relative of the person to be served.

I. "Class Administrator" means a third-party administrator selected by Plaintiffs to provide Class Notice and to administer the claims process and this Settlement Agreement, subject to the Court's approval.

J. "Class Counsel" means the New York Legal Assistance Group.

K. "Class Member(s)" means, unless otherwise specified, members of the Class.

L. "Class Notice" or "Notice" means the Notice required to be given to Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

M. "Class Representative" means the individual or individuals who, subject to the Court's approval, represent the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

N. "Class Settlement Account" means an account to be maintained by the Class Administrator from which the Administration Expenses, Approved Attorneys' Fees, Service Awards, and Settlement Class Member Awards will be paid.

O. "Fairness Hearing" means the hearing before the Court relating to the motion for final approval of the Settlement Agreement.

P. "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, finally approving this Settlement Agreement as meeting the requirements of Federal Rule of Civil Procedure 23, and dismissing all claims against the Process Server Defendants in the *Burks* Civil Action with prejudice.

4

Q. "Final Settlement Date" means the date on which the Final Approval Order becomes non-appealable, which is the later of:

    (i) the expiration of the time to file or notice any appeal from the Final Approval Order; or

    (ii) the date of final affirmance of the Final Approval Order in any appeals therefrom.

R. "Gross Settlement Amount" means the sum of Six Hundred Thousand Dollars and Zero Cents ($600,000.00), which the Process Server Defendants have agreed to pay, or cause to be paid, to Class Members to settle the *Burks* Civil Action as against the Process Server Defendants.

S. "MJRF" means Mullooly, Jeffery, Rooney & Flynn, LLP.

T. "Named Plaintiffs" means Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado.

U. "New York City Civil Court" means the branches of the Civil Court of the City of New York located in the five boroughs of New York City.

V. "Objection, Exclusion, and Claim Submission Deadline" means the date by which Class Members' objections to this Settlement Agreement, Requests for Exclusion from the Class, and Claim Forms must be sent to the Class Administrator.

W. "Plaintiffs" means the Named Plaintiffs and the Class Members.

X. "Preliminary Approval Order" means the order granting preliminary approval of this Settlement Agreement.

Y. "Process Server Defendants' Counsel" means Kaufman Dolowich Voluck, LLP.

Z. "Relative" means any identified familial relationship, including but not limited to "relative," "mother," "father," "sister," "brother," and "cousin," whether such person is identified by name, by pseudonym, or otherwise.

AA. "Request For Exclusion" means the written communication that must be made with the Class Administrator and postmarked on or before the Objection, Exclusion, and Claim Submission Deadline by a Class Member who requests to be excluded from the Settlement Class.

BB. "Settlement Agreement" or "Agreement" means this Stipulation of Settlement and the agreement between the Settling Parties embodied herein, including any subsequent written amendments to this Stipulation of Settlement.

CC. "Settlement Class" and "Settlement Class Member(s)" mean all members of the Class except any person who has filed a valid and timely Request for Exclusion.

DD. "Settlement Class Member Award(s)" means the monetary relief obtained by Settlement Class Members pursuant to Section III(A) of this Agreement.

EE. "Settling Parties" means Plaintiffs and the Process Server Defendants.

## II. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

A. Solely for purposes of this Agreement, the Settling Parties agree to certification of a class under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3) consisting of:

> *All natural persons who have been sued by MJRF, on behalf of a Civil Action Plaintiff, in New York City Civil Court in Actions commenced on or after January 1, 2016, in which an affidavit of service has been filed, stating that Bassem Elashrafi or Carl Bouton, on behalf of Gotham Process, Inc., effectuated service by delivering the papers to a person identified as a Relative of the person to be served.*

B. Subject to Court approval, the Settling Parties agree to the appointment of the Named Plaintiffs as the Class Representatives.

C. Subject to Court approval, the Settling Parties agree to the appointment of the New York Legal Assistance Group as Class Counsel.

## III. RELIEF TO THE CLASS

A. **Monetary Relief**

1. The Process Server Defendants agree that they shall pay, or cause to be paid, the Gross Settlement Amount, which shall be used to pay Settlement Class Member Awards, Service Awards, Attorneys' Fees, and Administration Expenses, as well as any *cy pres* award and any additional distributions as expressly contemplated in this Agreement and approved by the Court. The terms of this Agreement shall not require the Process Server Defendants to pay more than the Gross Settlement Amount.

2. Within fourteen (14) days following the full execution of this Settlement Agreement, the Process Server Defendants will transfer or cause to be transferred the Gross

6

Settlement Amount to the Process Server Defendants' Counsel, to be held in escrow pending the Court's entry of the Preliminary Approval Order.

       3.     Within twenty-one (21) days following the Court's entry of the Preliminary Approval Order, the Process Server Defendants' Counsel will deposit or cause to be deposited the Gross Settlement Amount into the Class Settlement Account created and controlled by the Class Administrator.

       4.     Subject to the other agreements set forth herein, the remaining principal and interest in the Gross Settlement Amount, less any amount paid to the Class Administrator for administration costs and notice costs, shall be returned to Gotham within twenty-one (21) days if any of the following events occurs: (i) the Court determines not to enter a Final Approval Order and the time to file a Notice of Appeal has expired and/or the decision not to enter a Final Approval Order is affirmed on appeal; and/or (ii) a Final Approval Order is set aside by an appellate court, unless otherwise agreed in writing by the Parties.

       5.     Settlement Class Member Awards will be distributed to all Settlement Class Members who have submitted approved Claim Forms pursuant to the terms of this Agreement and pursuant to such Allocation Plan as the Court approves. Class Counsel may apply to the Court for reasonable modifications to the Allocation Plan in the interest of fairness to the Settlement Class Members.

       6.     The Named Plaintiffs may file, and the Process Server Defendants will not oppose, applications for Service Awards in connection with their claims against the Process Server Defendants, to be paid from the Gross Settlement Amount, of up to Five Thousand Dollars ($5,000) at the Fairness Hearing. The Service Awards, if approved by the Court, shall be paid pursuant to the provisions of the Allocation Plan and Final Approval Order.

7. Along with Class Counsel's motion for final approval, Class Counsel may petition the Court for approval of an award of reasonable attorneys' fees costs, and expenses incurred in prosecuting the Class's claims against the Process Server Defendants. The Process Server Defendants shall not oppose any such petition.

8. To the extent that funds remain in the Class Settlement Account after the initial distribution of Settlement Class Member Awards, Service Awards, and Administration Expenses, and Approved Attorneys' Fees, the Class Administrator and Class Counsel shall together determine whether to make any further distributions consistent with the Allocation Plan, after considering whether such distribution is practical and feasible in light of the amount that remains in the Class Settlement Account and the estimated costs of any such distribution. If further distributions are not economically feasible, the remainder shall, subject to Court approval, be given as a *cy pres* award to a not-for-profit organization that benefits individuals adversely affected by consumer debt collection practices. Under no circumstances will any of the Settlement Amount revert to the Process Server Defendants.

9. Plaintiffs' agreement to these terms is expressly premised upon the truthfulness of the Process Server Defendants' representations regarding their financial resources, including (a) Gotham's Profit and Loss statement provided by the Process Server Defendants' Counsel to Class Counsel on January 19, 2023; (b) Gotham's balance sheet provided by the Process Server Defendants' Counsel to Class Counsel on February 1, 2023; (c) Gotham's insurance policy from Hiscox, Inc., provided by the Process Server Defendants' Counsel to Class Counsel on March 31, 2023; (d) Mr. Elashrafi's 2020 and 2021 tax returns, provided by the Process Server Defendants' Counsel to Class Counsel on March 23, 2023; and (d) Mr. Bouton's 2021 and 2022 tax returns, provided by the Process Server Defendants'

8

Counsel to Class Counsel on March 24, 2023. If, upon motion by Plaintiffs made prior to the Final Settlement Date, the Court finds that any Process Server Defendant made any material misstatement or omission in its representations regarding financial resources, Plaintiffs may terminate this Settlement Agreement. Plaintiffs reserve the right to move the Court for appropriate relief if, after the Final Settlement Date, the Plaintiffs learn that the Process Server Defendants made any material misstatement or omission in its representations regarding its financial resources, and the Process Server Defendants reserve the right to oppose such a motion.

    B.    **Non-Monetary Relief**

        1.    *Non-Monetary Relief from Bouton and Elashrafi*

            a.    Bouton and Elashrafi agree to a permanent bar on serving process in all jurisdictions.

            b.    Bouton and Elashrafi acknowledge that the evidence adduced in this action might have been sufficient to establish, by a preponderance of the evidence, violations by them of the Fair Debt Collection Practices Act, New York General Business Law § 349 and N.Y.C. Admin. Code § 20-409.2.

            c.    In any case in which Bouton or Elashrafi purported to effectuate service on or after August 1, 2016, they will provide evidence or testimony defending their service only when obligated to do so by law, court order, or subpoena.  In any case in which they are required by law, court order, or subpoena to provide evidence or testimony, they agree to provide all parties and the court with a copy of the amended complaint and, once issued, the final approval order, in this action and to provide only truthful and accurate testimony and evidence.

        2.    *Non-Monetary Relief From Gotham*

9

    a. Gotham will comply with all aspects of its revised Compliance Plan, which was effective as of October 2022 and which was provided by the Process Server Defendants' Counsel to Class Counsel on February 16, 2023.

    b. Gotham will permanently cease doing business with any process servers known to have disciplinary records arising from conduct alleged to have constituted fraud or misrepresentation in service of process and will take reasonable steps to determine whether any process servers with whom it does business have such disciplinary records, including by requiring process servers to report all disciplinary actions to Gotham at the time of engagement and on an ongoing basis.

    c. Gotham will follow all rules and regulations regarding service of process, including all regulations of the New York City Department of Consumer and Worker Protection (DCWP).

    d. On a quarterly basis, for the three-year period following the final settlement date, a Gotham principal will certify via e-mail to Plaintiffs' Counsel that Gotham has complied with its obligations in Paragraphs III.B.2.a-c of this Agreement, or that DCWP has found noncompliance.

    e. Gotham represents that it has permanently ceased doing business with Bouton and Elashrafi.

  C. **Data**

   1. The Process Server Defendants represent that the spreadsheets provided by the Process Server Defendants' Counsel to Class Counsel on March 14, 2022 show all instances of attempted or completed service by Bouton and Elashrafi on behalf of Gotham.

10

## IV. CLASS SETTLEMENT PROCEDURE

### A. Class Settlement Administration

1. Class Counsel will select and retain a Class Administrator to help implement this Settlement Agreement. The Court shall appoint the Class Administrator in the Preliminary Approval Order.

2. The Class Administrator and all Administration Expenses shall be paid from the Class Settlement Account.

3. The Class Administrator will be responsible for locating Class Members as necessary; mailing Class Notices and Claim Forms to Class Members in accordance with the Court's Preliminary Approval Order; receiving opt-out statements and statements from objectors; establishing and administering the Class Settlement Account and closing the Class Settlement Account upon conclusion of the settlement process; calculating the settlement awards; distributing the settlement checks to Settlement Class Members; and developing procedures and responding to inquiries from Class Members about this Agreement, the Claim Forms, Class Notices, and the procedures contained therein; creating a database of Class Members who have submitted Claim Forms, returned opt-out statements and submitted objections; providing the Settling Parties with all objectors' statements; responding to inquiries from Class Counsel concerning the settlement process; distributing any remaining funds to *cy pres* recipient(s) approved by the Court; and any other duties and responsibilities necessary to administer the settlement under the terms and conditions of this Settlement Agreement. The Class Administrator shall provide regular informal reports to Class Counsel regarding the status of the mailing of Class Notices to Class Members, the claims administration process, the substance and status of disputes raised by Class Members regarding the calculation of settlement awards, and distribution of the settlement checks.

11

      4.    The Process Server Defendants shall reasonably cooperate with Class Counsel and the Class Administrator in the administration of this Settlement Agreement in order to effectuate its terms.

      5.    In the event of a dispute by a Settlement Class Member regarding the calculation of or eligibility for their Settlement Class Member Award, the Class Administrator shall promptly report the nature of the dispute to Class Counsel, who will work in good faith with the Class Administrator in an effort to resolve the dispute. If Class Counsel and the Class Administrator cannot resolve the dispute, Class Counsel shall bring the dispute to the Court's attention for resolution.

    B.    **Notice, Objections, and Requests for Exclusion**

      1.    Subject to the requirements of the Preliminary Approval Order or any other Order of the Court, Class Counsel will, at least sixty days prior to the Objection, Exclusion, and Claim Submission Deadline, cause the Class Administrator to provide Class Notices to all Class Members. A copy of the Claim Form and/or a link to an electronic claim form will be sent along with the Class Notices.

      2.    Any Class Member who wishes to be excluded from the Settlement Class must deliver a Request for Exclusion to the Class Administrator pursuant to the requirements set forth in the Preliminary Approval Order or any other order of the Court. The Class Administrator shall provide the Settling Parties with a written report identifying the names of every Class Member who has submitted a timely Request for Exclusion. Such report shall be delivered to Class Counsel and the Process Server Defendants' Counsel within two business days after the Objection, Exclusion, and Claim Submission Deadline. Class Members may withdraw Requests for Exclusion at any time prior to entry of the Final Approval Order.

12

       3.     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or any of its terms may do so as set forth in the Preliminary Approval Order or any other order of the Court. The Class Administrator shall report all Class Member objections to Class Counsel and the Process Server Defendants' counsel within two business days of receipt.

    C.    **Fairness Hearing**

       1.     At the time Class Counsel submits this Settlement Agreement to the Court, they shall request that the Court schedule a Fairness Hearing. The Settling Parties agree that the Fairness Hearing should occur at least 90 days after the Court enters the Preliminary Approval Order. The Settling Parties agree that the Court may order a Fairness Hearing to be held by videoconference or teleconference, if the Court deems such method appropriate.

       2.     On the date set by the Court for the Fairness Hearing, the Settling Parties shall jointly request the Court to review any petitions to intervene as well as any proper and timely objections to the Settlement Agreement and to conduct such other proceedings as the Court may deem appropriate under the circumstances. At the Fairness Hearing, the Settling Parties shall request the Court to enter the Final Approval Order.

**V.    RELEASES**

    A.    **Releases Among the Settling Parties**

       1.     As of the Final Settlement Date, the Named Plaintiffs and Settlement Class Members shall be deemed to have forever released and discharged the Process Server Defendants and the Process Server Defendants' past and present parent companies, subsidiaries, affiliates, founders, partners, successors and assigns, and its and their respective past and present officers, directors, and employees, partners, agents, attorneys, trustees, insurers (including but not limited to Certain Underwriters at Lloyd's, London, subscribing to policy no. MPL 1346136, sometimes

13

referred to as "Hiscox"), in their individual and official capacities; from any claims that the Named Plaintiffs and Settlement Class Members have or may have against the Process Server Defendants or that the Named Plaintiffs and Settlement Class Members have or may have against the Process Server Defendants' past and present parent companies, subsidiaries, affiliates, founders, partners, successors and assigns, and its and their respective past and present officers, directors, and employees, partners, agents, attorneys, trustees, insurers (including but not limited to Certain Underwriters at Lloyd's, London, subscribing to policy no. MPL 1346136, sometimes referred to as "Hiscox"), in their individual and official capacities; arising out of or related to the Actions or the claims asserted in the *Burks* Civil Action.

2. As of the Final Settlement Date, the Process Server Defendants shall be deemed to have forever released and discharged the Settlement Class Members and Named Plaintiffs from any claims that the Process Server Defendants have or may have against Settlement Class Members and Named Plaintiffs arising out of or related to the Actions or the claims asserted in the *Burks* Civil Action.

3. The Settling Parties do not release, waive, or discharge claims to enforce any provision of this Agreement.

4. For the avoidance of doubt, neither MJRF nor the Civil Action Plaintiffs are subject to the release of claims in Paragraphs V.A.1 and V.A.2. The MJRF Stipulation is the exclusive source of releases between Plaintiffs and MJRF and between Plaintiffs and the Civil Action Plaintiffs.

B. **Reservation of Rights Against MJRF**

1. Nothing in this Settlement Agreement has any effect on Plaintiffs' claims against, or rights with respect to, MJRF, which are governed exclusively by the MJRF Stipulation.

        2.      Plaintiffs expressly reserve all rights to pursue any and all claims against MJRF and to secure any and all relief from MJRF (whether or not provided by the MJRF Stipulation) separate from, and in addition to, the relief provided by this Settlement Agreement, including but not limited to monetary relief for the class, service awards, administration expenses, attorneys' fees, and declaratory and injunctive relief.

**VI.    RETENTION OF JURISDICTION AND METHOD OF RAISING DISPUTES**

        A.      Any action arising under or to enforce this Settlement Agreement, the Preliminary Approval Order or the Final Approval Order, shall be commenced and maintained only in this Court and the Court retains continuing and exclusive jurisdiction to adjudicate such issues.

        B.      In the event that a Settling Party asserts a breach of any aspect of this Agreement, the Settling Party asserting the breach shall provide written notice in accordance with Paragraph VII.H. No later than thirty days following service of such written notice, the Settling Parties shall meet and confer in a good faith effort to resolve the issue raised in the notice. If the Settling Parties are unable to resolve the issue within sixty days after the notice, or such time thereafter as is mutually agreed upon, then any Settling Party may seek judicial intervention, including enforcement of the provisions of this Agreement.

**VII.    ADDITIONAL TERMS, GENERAL MATTERS AND RESERVATIONS**

        A.      This Settlement Agreement sets forth the entire agreement among the Settling Parties with respect to their subject matter. For the avoidance of doubt, the MJRF Stipulation sets forth the agreement between Plaintiffs with respect to the settlement of Plaintiffs' claims against MJRF.

        B.      This Settlement Agreement shall be governed by and interpreted according to the laws of the State of New York.

C.  Upon entry of an order by the Court that invalidates or disapproves the Settlement Agreement, or which alters any material term of this Settlement Agreement without the Settling Parties' consent, the Process Server Defendants and/or the Named Plaintiffs shall have the right to terminate the Settlement Agreement, and the Settlement Agreement thereafter shall have no further force and effect with respect to any of the Settling Parties.

D.  In the event that the Court conditions its preliminary or final approval of the Settlement Agreement on any changes to the Settlement Agreement, the Settling Parties shall in good faith consider such changes and consent to them if they do not materially alter the obligations of, or consideration provided to, the Settling Parties.

E.  In the event the Settlement Agreement is terminated, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection with this Settlement Agreement shall be without prejudice to any Settling Party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any Settling Party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Settling Parties to this Agreement shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

F.  If a bankruptcy case is commenced as to Gotham under Title 11 of the United States Code, or a trustee, receiver or conservator is appointed under United States bankruptcy law for Gotham, and if a final order and/or judgment of a court of competent jurisdiction is entered determining that the transfer of the Gross Settlement Amount (or any portion of it) to the Class Settlement Account is a voidable preference or fraudulent transfer, and if any funds in the Class Settlement Account are actually clawed back by the debtor's estate and become unavailable before the initial distribution of the Gross Settlement Amount has been made to Class

Members, then this Settlement Agreement may be terminated at the sole option and discretion of Class Counsel.

G.  All matters concerning Plaintiffs' claims against the Process Server Defendants that are not specifically covered by the provisions of this Settlement Agreement shall be resolved by agreement of Class Counsel and the Process Server Defendants' Counsel, or if they cannot agree, by order of the Court, unless the dispute relates to a material change to the Settlement Agreement which gives rise to a right of any Settling Party, in their sole discretion, to void and cancel the Settlement Agreement.

H.  Any notices given by one Settling Party to another in connection with this Settlement Agreement shall be provided by e-mail as follows (or at such other e-mail address as may be provided by a Settling Party):

**If to the Process Server Defendants, then to:**

> Jordan Sklar
> jsklar@kdvlaw.com

**If to the Named Plaintiffs, then to:**

> Danielle F. Tarantolo
> dtarantolo@nylag.org
> Jessica Ranucci
> jranucci@nylag.org
> Shanna Tallarico
> stallarico@nylag.org

I.  This Settlement Agreement may be signed in counterparts, each of which shall constitute a duplicate original. Execution by facsimile or by electronically transmitted signature shall be fully and legally binding.

17

Agreed to as of this 17th day of May, 2023

**NEW YORK LEGAL ASSISTANCE GROUP**
**LISA RIVERA, ESQ.**

By: _____
    Danielle Tarantolo, of counsel
    Jessica Ranucci, of counsel
    Shanna Tallarico, of counsel
100 Pearl Street, 19th Floor
New York, NY 10004
Telephone: (212) 613-5000
Email:  dtarantolo@nylag.org
Email:  jranucci@nylag.org
Email:  stallarico@nylag.org

*Attorneys for Named Plaintiffs and Class Members*


**KAUFMAN DOLOWICH VOLUCK LLP**


By: __/s/ Jordan Sklar_____
    Jordan Sklar
245 Main Street, Suite 330
White Plains, NY 10601
Telephone: (914) 536-5358
Email:  jsklar@kdvlaw.com

*Attorneys for the Process Server Defendants*