UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKIE BURKS; BRUNILDA PAGAN CRUZ; VENUS CUADRADO, and RHONDA DRYE; individually and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br><br>-against-<br><br>GOTHAM PROCESS, INC.; MULLOOLY, JEFFERY, ROONEY & FLYNN, LLP; BASSEM ELASHRAFI; and CARL BOUTON,<br><br>        Defendants. | No. 20 Civ. 1001 (NRM) (PK)<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS |

NINA MORRISON, United States District Judge:

  This matter comes before the Court on the motion of Plaintiffs Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado (together, "Named Plaintiffs"), on behalf of themselves and putative Class Members with the consent of Defendants Mullooly, Jeffery, Rooney & Flynn, LLP ("MJRF"), Bassem Elashrafi ("Elashrafi"), Carl Bouton ("Bouton"), and Gotham Process, Inc. ("Gotham," and together with Elashrafi and Bouton, "Process Server Defendants"), for final approval of both the Stipulation of Settlement and Release as to All Claims Against Defendant Mullooly, Jeffery, Rooney & Flynn, LLP ("MJRF Settlement"), dated May 2, 2023, and the Stipulation of Settlement and Release as to All Claims Against Defendants Gotham Process, Inc., Carl Bouton, and Bassem Elashrafi ("PSD Settlement," and together with the MJRF Settlement, "the Settlement Agreements"), dated May 17, 2023, and related relief. Upon a Fairness Hearing

held on November 16, 2023, **IT IS HEREBY ORDERED**, **ADJUDGED AND DECREED AS FOLLOWS:**

1. <u>Definitions</u>.  For the purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" sections of the Settlement Agreements.

2. <u>Certification of the Class</u>.  The Court finds that the provisionally-certified class meets the requirements set forth in Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3), and hereby certifies under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3), for purposes of the proposed Settlement only, a class consisting of "All natural persons who have been sued by MJRF, on behalf of a Civil Action Plaintiff, in New York City Civil Court in Actions commenced on or after January 1, 2016, in which an affidavit of service has been filed, stating that Elashrafi or Bouton, on behalf of Gotham, effectuated service by delivering the papers to a person identified as a Relative of the person to be served."

3. <u>Notice:</u>  The Court finds that the distribution of notice to the Class (*i*) constituted the best practicable notice; (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the releases), Class Members' right to object to the proposed Settlement, Class Members' right to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing; (*iii*) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law.  The Parties filed with this Court adequate

proof regarding the notice provided to Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

4. <u>Approval of Named Plaintiffs and Appointment of Class Counsel</u>: For the purposes of the Settlement, the Court hereby confirms its approval of Jackie Burks, Brunilda Pagan Cruz, and Venus Cuadrado as Class Representatives and confirms its appointment of the New York Legal Assistance Group as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

5. <u>Approval of Class Administrator and Administration Expenses</u>: The Court confirms its approval of Atticus Administration, LLP to serve as the Class Administrator, and confirms its approval of the payment of up to $34,000 in Administration Expenses to Atticus Administration, LLP from the Class Settlement Account.

6. <u>Settlement Approval</u>: Subject to this Order becoming final pursuant to Paragraph 16, below, the Court approves the Settlement Agreements as fair, reasonable, and adequate, and finds that they are the result of intensive, arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case. Specifically, the Court finds that:

    a. The payment of a Gross Settlement Amount of a total of $1,350,000—with $750,000 contributed by MJRF and $600,000 by the Process Server Defendants—is fair, reasonable, and adequate;

    b. The non-monetary relief provided for in the Settlement Agreements, including that:

        1. MJRF will permanently cease all collections on all Actions;

        2. MJRF, provided the respective Civil Action Plaintiffs consent, will discontinue, vacate, or file Satisfactions of Judgment in those Actions pursuant to the terms of the MJRF Settlement;

3

       3. Elashrafi and Bouton will be permanently barred from serving process in all jurisdictions; and

       4. MJRF and Gotham will make other practices changes;

is fair, reasonable, and adequate, and provides valuable relief to the Class; and

    c. The Allocation Plan submitted by Class Counsel provides for distribution of payments to the Class in a manner that is fair, reasonable, and adequate.

7. <u>Distribution from Class Settlement Account</u>: The Court directs the Class Administrator to distribute the Settlement Amount from the Class Settlement Account in a manner consistent with the Allocation Plan and this Order.

8. <u>Distribution of Funds to Class Members</u>: The Class Administrator is directed to distribute funds to Class Members pursuant to the Allocation Plan, as follows:

    a. The Class Administrator is directed to make reasonable and diligent efforts to have Class Members cash their distribution checks or otherwise accept their payments from the Class Administrator.

    b. Consistent with the Settlement Agreements, to the extent that funds remain in the Class Settlement Account after the initial distribution to eligible Class Members, the Class Administrator and Class Counsel shall together determine whether to make a further distribution (or distributions) consistent with the Allocation Plan, after considering whether such distribution is practical and feasible in light of the funds that remain in the Class Settlement Account and the estimated costs of any such distribution.

    c. Consistent with the Settlement Agreements, if further distribution(s) is(are) not feasible, the remainder shall, subject to Court approval, be given as a *cy pres* award to

one or more not-for-profit organizations approved by the Court that benefits individuals adversely affected by consumer debt collection practices. Under no circumstances will any funds in the Class Settlement Account revert to Defendants. Class Counsel shall provide notice to the Court by letter filed on ECF when all distributions under the Settlement are complete and, at that time, seek approval of any proposed *cy pres* recipient.

d.  Consistent with the Preliminary Approval Order, Class Counsel is authorized, in their discretion, to direct the Class Administrator to accept otherwise valid Claims by Class Members submitted after the Objection, Exclusion, and Claim Submission Deadline up until the point when accepting a late claim would delay payment to Class Members who timely filed Claims. Class Counsel and the Class Administrator have jointly determined that accepting any Claims filed until the date this Order becomes effective will not delay payments to Class Members who timely filed Claims. Accordingly, any Claims filed on or before the date this Order becomes effective may, at Class Counsel's discretion, be deemed timely filed, and Class Counsel may direct the Class Administrator to issue payments on those Claims consistent with the Allocation Plan.

e.  To the extent that additional Claims are filed after the date this Order becomes effective, Class Counsel is authorized to provide as part of any additional distribution described in subsection (b) of this paragraph a payment to any such claimants up to the amount that the claimant would have received if the claim had been timely made, funds permitting. If there are not adequate funds to pay such claimants the full amount they would have received had their Claims been timely made, then those

      claimants shall all receive a pro rata share of the payment they would have received had their Claims been timely made.

9. <u>Attorneys' Fees and Expenses Award:</u>  Class Counsel are hereby awarded Approved Attorneys' Fees in the amount of $450,000, to be paid out of the Class Settlement Account. The Court finds that the Approved Attorneys' Fees are fair and reasonable.

10. <u>Service Awards:</u>  The Court finds that the requested Service Awards of $4,000 to be paid to Ms. Burks, Ms. Drye, and Ms. Cruz are reasonable under the circumstances. The Court further finds that the requested Service Award of $4,000 to be paid in the form of equal shares to each of Ms. Drye's three adult children, is reasonable under the circumstances. These amounts shall be paid out of the Class Settlement Account.

11. <u>Jurisdiction:</u>  The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, Class Members, and Defendants, and has jurisdiction to enter this Order. The Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Settlement Agreements, the Settling Parties, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement Agreements, including the enforcement of this Order.

12. <u>Dismissal of the Action</u>: Subject to this Order becoming final pursuant to paragraph 16, this Action is dismissed with prejudice according to the terms of the Settlement Agreements, without fees or costs to any party except as provided therein and in this Order.

13. <u>Releases</u>: The release of claims as set forth in (a) Section V, Paragraphs A and B of the MJRF Settlement Agreement, and (b) Section V, Paragraph A of the PSD Settlement Agreement, are expressly incorporated herein in all respects. Without limiting or modifying the full language of the release provisions in the Settlement Agreements, the release of claims set forth in the

Settlement Agreements shall be given full force and effect as to all released parties and releasing parties covered by the Settlement Agreements.

14. <u>Binding Effect</u>: The Settlement Agreements and this Order shall forever be binding on the released parties and releasing parties covered by the Settlement Agreements. This Order shall have *res judicata*, collateral estoppel and other preclusive effect in all pending and future lawsuits, actions or other proceedings brought by Class Members that arise out of released claims covered by the Settlement Agreements.

15. <u>Notice Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA Notice")</u>: The Court finds that, pursuant to 28 U.S.C. § 1715(b), on November 7, 2023, the Class Administrator served CAFA Notices on the United States Attorney General and all designated government officials for the states in which Class Members reside. If the 90-day period prescribed by 28 U.S.C. § 1715(d) expires without comment or objection from the government officials, the requirements of 28 U.S.C. § 1715 will have been satisfied.

16. <u>Provisional Approval Pending Notice Period</u>: The Court provisionally approves the Settlement Agreements, subject to the 90-day notice period set forth in 28 U.S.C. § 1715(d) expiring without the Court receiving any objections or requests for hearings regarding the Settlement Agreements from the government officials served with CAFA Notices. Absent a request for a hearing or any objection by any government official filed on or before February 5, 2024, this order approving the settlement agreements will become effective and final on February 6, 2024.

Dated: November 16, 2023
Brooklyn, New York

/s/ NRM
**NINA R. MORRISON**
**UNITED STATES DISTRICT JUDGE**