

May 30, 2024

Hon. Nina Morrison
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Burks et al. v. Gotham Process Inc.*, *et al.*, **No. 20 Civ. 1001 (NRM)(PK)**

Dear Judge Morrison:

  We write on behalf of Plaintiffs Jackie Burks, Brunilda Pagan Cruz, Venus Cuadrado, and the certified settlement class ("Plaintiffs") to request court approval for distribution of all remaining funds in the class settlement account to late claimants and for any remaining funds after such distribution to be issued as a *cy pres* award. All Defendants consent to this request.

  Since Your Honor finally approved this settlement, ECF No. 94, Class Counsel have worked closely with the settlement administrator to distribute the vast majority of the approximately $850,000 in the class settlement account. Payments went out to 784 class members who filed timely claims on March 8, 2024 in the form of paper checks and electronic payments. After the deadline to deposit checks and accept electronic payments passed, 38 class members had failed to cash the checks or accept the payments. Class Counsel were able to reach 33 of those 38 class members, and new payments to those class members have been made or are in process. Since the claims deadline, 10 class members have submitted late claims; these claims have not been paid.

  In addition to the settlement funds intended to be distributed to class members who filed timely claims, the class settlement account also included funds that were being held in escrow for class members who made payments to Defendant MJRF in the months immediately preceding the settlement. The Settlement Agreement contemplated that those escrowed funds would be returned "to the respective Settlement Class Members from whom they were collected," ECF 83-2 ¶ III.B.2.c. This return of escrowed funds was to be separate and apart from any distribution to which the class member would be entitled from the settlement funds pursuant to the Allocation Plan.  The Settlement Agreement stated that "[u]nder no circumstances will any of the funds in escrow revert to MJRF or the Civil Action Plaintiffs." ECF 83-2 ¶ III.B.2.c. However, the Agreement did not specify what would happen to these funds if the Class Members could not be reached.

  While Class Counsel and the Class Administrator have been able to return these escrowed funds to most of the class members to whom they belong, there are around a dozen such Class Members who have not filed a claim in this class action and who Class Counsel have

been unable to reach. Class Counsel tried contact these individuals via multiple means over many months, both before and after the claims deadline, but we have been unsuccessful. It is our understanding the Defendant MJRF has contacted them as well to direct them to reach out to Class Counsel.

Once the 33 class members who filed timely claim forms and to whom new payments were issued (as described in the first paragraph) have accepted those new payments, there will remain approximately $10,000 left in the Class Settlement Account, including approximately $5,000 of escrowed funds for the approximately dozen class members for whom funds were held in escrow and we also could not reach.

We now seek Your Honor's permission to distribute all remaining funds to the 10 class members who submitted late claims. Such a distribution is specifically contemplated by the approved Allocation Plan, and we intend to calculate those payments in the manner provided by the Allocation Plan. *Id.* ¶ 5. ECF No. 85-1 ¶¶ 5-6. However, even though this distribution is contemplated by the Allocation Plan, we are writing in an abundance of caution to seek the Court's express leave, because the funds to be distributed also include the remaining escrowed funds.

We believe that distributing the remaining escrowed funds to the late claimants would provide finality to the settlement while ensuring that individuals who were harmed by the conduct challenged in the action are able to obtain redress. Further, we think that doing so is fair because both the return of the escrowed funds and the payments to class members pursuant to the allocation plan are refunds of money Class Members paid to Defendant MJRF. The only difference is timing—the escrowed funds were money paid by class members in the months immediately preceding the settlement, whereas other funds were collected earlier. While we would have preferred to return the escrowed funds directly to the Class Members from whom they were collected, we think that distributing those funds to other Class Members consistent with the Allocation Plan is the next best option.

Further, to the extent that any funds remain in the settlement account after this second distribution has been completed, we seek the Court's leave to issue a *cy pres* award to the National Consumer Law Center (NCLC). NCLC is a 501(c)(3) nonprofit organization dedicated to consumer protection. For more than five decades, NCLC has been a leading source of legal and public policy expertise on consumer issues. With a goal of protecting consumers from, and redressing injuries caused by inaccurate, false and misleading statements or omissions by businesses, NCLC has trained and advised tens of thousands of advocates on consumer legal issues, appeared in cases throughout the nation, worked with state and federal commissions and legislatures, written investigative reports, and published leading legal practice manuals and consumer guides. Since 1997, NCLC has been approved by courts to receive over 500 *cy pres*

and class action settlement awards, all of which have been used to promote consumer protections and equal access to justice for consumers in need of effective legal representation. This award is consistent with the Settlement Agreements and approved Allocation Plan, which specifically provide for such an award "to a not-for-profit organization approved by the Court that benefits individuals adversely affected by unlawful consumer debt collection practices." *See* Allocation Plan, ECF No. 85-1 ¶ 8. Further, this situation is unlikely to arise; it would only arise if any of the payments in this second round are not deposited, which would be a very small dollar amount and a further distribution would not be economically feasible.

      Thank you for your consideration.

      Respectfully submitted,

      /s/ Jessica Ranucci
      Jessica Ranucci
      *Counsel for Plaintiffs*